| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number *(if known)*: _____ Chapter 15 |

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

| | | |
| --- | --- | --- |
| 1. **Debtor's name** | Sunac China Holdings Limited | |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  186588_____. Describe identifier   Cayman Islands registration number

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**

Gao Xi

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Hong Kong

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

| Debtor | Sunac China Holdings Limited | Case number (*if known*)_____ |
|--------|------------------------------|---------------------------------------------|
|        | Name                         |                                             |

---

**8.  Others entitled to notice**   Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Hong Kong

**Debtor's registered office:**

One Nexus Way
Number       Street

_____
P.O. Box

**Camana Bay, Grand Cayman**          **KY1-9005**
City          State/Province/Region          ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

_____
Number       Street

_____
P.O. Box

_____
City          State/Province/Region          ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Capitol Mansion, Nos. 195, 195A, 197, 199, 201 & 201A
Shau Kei Wan Road, Flat A, 12th Floor (Room D)
Number       Street

_____
P.O. Box

Sai Wan Ho, Eastern District
City          State/Province/Region          ZIP/Postal Code

Hong Kong
Country

---

**10.  Debtor's website** (URL)   http://www.sunac.com.cn/.

---

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership          **An exempted company with limited liability**
   ☑ Other.  Specify: ____**incorporated under the laws of the Cayman Islands**____

❑ Individual

---

| Debtor | Sunac China Holdings Limited | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 12. Why is venue proper in *this district?* | Check one: |
|---|---|
| | ☑ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: |
| | _____ |
| | ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| | _____ |

| 13. Signature of foreign representative(s) | I request relief in accordance with chapter 15 of title 11, United States Code. |
|---|---|
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct, |

**✗** _____     *Gao Xi*

Signature of foreign representative          Printed name

Executed on   *09/19/2023*
              MM / DD / YYYY

**✗** _____     _____

Signature of foreign representative          Printed name

Executed on   _____
              MM / DD / YYYY

| 14. Signature of attorney | **✗** */s/ Anthony Grossi*                Date   *09/19/2023* |
|---|---|
| | Signature of Attorney for foreign representative          MM / DD / YYYY |

Anthony Grossi
Printed name
Sidley Austin LLP
Firm name
787 Seventh Ave
Number        Street
New York                          NY        10019
City                              State     ZIP Code

(212) 839-5300                    agrossi@sidley.com
Contact phone                     Email address

4832291                           NY
Bar number                        State

## Exhibit A

## Convening Order

HCMP 382 / 2023

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 382 OF 2023



IN THE MATTER of SUNAC CHINA HOLDINGS LIMITED 融創中國控股有限公司

and

IN THE MATTER of Section 670 of the Companies Ordinance (Cap. 622)

and

IN THE MATTER of Order 102 Rule 2 of the Rules of the High Court (Cap. 4A)

**BEFORE THE HONOURABLE MR. JUSTICE HARRIS IN CHAMBERS**

**ORDER**

UPON THE APPLICATION of the above named Sunac China Holdings Limited (融創中國控股有限公司) (the "**Company**") by way of *Ex Parte* Originating Summons filed on 9 March 2023 (the "**Originating Summons**").

AND UPON READING the Originating Summons, the Affirmation of Gao Xi filed herein on 17 July 2023 together with the exhibits referred to therein.

AND UPON HEARING Counsel for the Company.

IT IS ORDERED that:-

1.      The Company be at liberty to convene a meeting of the Scheme Creditors (as defined

in the scheme of arrangement hereinafter mentioned) to be held at Sidley Austin at 39/F, Two International Finance Centre, 8 Finance Street, Central, Hong Kong on 18 September 2023 at 11:00 a.m. (Hong Kong time) (the "**Scheme Meeting**") for the purpose of considering and, if thought fit, approving (with or without modification) a scheme of arrangement proposed to be made between the Company and its Scheme Creditors under sections 670, 673 and 674 of the Companies Ordinance (Cap. 622) (the "**Scheme**"), subject to any adjournment as may be approved by the chairperson of the Scheme Meeting (the "**Chairperson**").

2.   At least 21 days before the day appointed for the Scheme Meeting, a copy of the notice of Scheme Meeting (the "**Notice of Scheme Meeting**") shall be circulated to the Scheme Creditors by:

(a)   publication by Morrow Sodali Limited (the "**Information Agent**") on the Scheme Website: https://projects.morrowsodali.com/Sunac;

(b)   publication by way of public announcement by the Company on the HKEXnews website of The Stock Exchange of Hong Kong Limited at http://www.hkexnews.hk;

(c)   publication by the Company on the website of the Company at http://www.sunac.com.cn;

(d)   e-mail to each person who the Company believes is or may be a Scheme Creditor, and for whom the Company or the Information Agent has a valid e-mail address; and

(e)   distribution via Euroclear Bank SA/NV and/or Clearstream Banking S.A. (if applicable).

3.   At least 21 days before the day appointed for the Scheme Meeting, a copy of the Notice of Scheme Meeting shall be circulated to the Blocked Scheme Creditors by GLAS Trustees Limited ("**GLAS**") via e-mail.

4.   When providing the Notice of Scheme Meeting in accordance with paragraphs 2 and 3 above, (i) the Information Agent shall provide a link to the Scheme Website to the Scheme Creditors, and (ii) GLAS shall provide a link to the Scheme Website to the

Blocked Scheme Creditors, to enable access electronic copies of the following documents:

(a)    the Scheme;

(b)    the Explanatory Statement for the Scheme; and

(c)    the Solicitation Packet, being instructions as to the registration of claims and voting procedures for the purposes of the Scheme Meeting, together with, *inter alia*, the Account Holding Letter, Lender Proxy Form and Blocked Scheme Creditor Form appended therein.

5.    At least 21 days before the day appointed for the Scheme Meeting, the Company shall place an advertisement substantially in the form of the draft hereby approved in *The Standard*, which is an English language newspaper, and a traditional and simplified Chinese translation thereof in *Sing Tao Daily*, which is a Chinese language newspaper in circulation in Hong Kong.

6.    The accidental omission to serve any Scheme Creditor with the aforementioned documents, or the non-receipt by any Scheme Creditor of such documents, shall not invalidate the proceedings at the Scheme Meeting or any resolutions passed thereat.

7.    Certified Chinese translation of the Notice of Scheme Meeting and the proposed advertisement in newspapers be dispensed with.

8.    An affirmation is to be filed by a solicitor of Sidley Austin who is fluent in both English and Chinese languages confirming the accuracy of the Chinese translation of the Notice of Scheme Meeting and the proposed advertisement in newspapers.

9.    The Chairperson be permitted to declare and announce the results of the Scheme Creditors' votes in respect of the Scheme, either during the Scheme Meeting or after the conclusion of the Scheme Meeting.

10.    The substantive hearing of the petition at which the Court will determine whether or not to sanction the Scheme shall be heard at 9:30 a.m. (Hong Kong time) on 5 October 2023 before the Honourable Mr. Justice Harris.

11.    There be liberty to apply generally.

AND THE COURT HEREBY APPROVED the:-

1.     Notice of Scheme Meeting substantially in the form of Annexure 1 hereto;

2.     Account Holder Letter substantially in the form of Annexure 2 hereto;

3.     Lender Proxy Form substantially in the form of Annexure 3 hereto; and

4.     Blocked Scheme Creditor Form substantially in the form of Annexure 4 hereto;

5.     Proposed advertisement of the Notice of Scheme Meeting (in English) to be advertised in newspapers in the aforesaid manner substantially in the form of Annexure 5 hereto.

AND THE COURT HEREBY APPOINTED Mr. Wan Hiu Yeung (also known as Jacky Wan), or failing him, Mr. Jong Yat Kit (also known as Victor Jong), both of PricewaterhouseCoopers Limited, to act as the Chairperson of the Scheme Meeting.

AND THE COURT ORDERED that the Chairperson do report the results of the Scheme Meeting to the Court.

Dated this 26th day of July 2023.

Registrar

## ANNEXURE 1

**Notice of the Scheme Meeting (draft)**

HCMP 382 / 2023

**THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

**MISCELLANEOUS PROCEEDINGS NO. 382 OF 2023**

---

**IN THE MATTER OF**

**SUNAC CHINA HOLDINGS LIMITED**

融創中國控股有限公司

**and**

**IN THE MATTER OF**

**SECTIONS 670, 673 AND 674 OF THE COMPANIES ORDINANCE**
**(CAP. 622 OF THE LAWS OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION)**

---

**NOTICE OF SCHEME MEETING**

---

Unless otherwise specified, terms used in this Notice have the same meanings as in the explanatory statement (the "**Explanatory Statement**") and the scheme relating to the proposed scheme of arrangement between Sunac China Holdings Limited (the "**Company**") and the Scheme Creditors (as defined therein) under sections 670, 673 and 674 of the Companies Ordinance (Cap. 622) of Hong Kong (the "**Scheme**"). A copy of the Scheme is incorporated in the Explanatory Statement of which this Notice forms a part.

**NOTICE IS HEREBY GIVEN** that, by an Order dated 26 July 2023 (the "**Convening Order**") made by the High Court of Hong Kong (the "**Hong Kong Court**"), the Hong Kong Court has directed that a meeting (the "**Scheme Meeting**") be convened of the Scheme Creditors of the Company for the purpose of considering and, if thought fit, approving (with or without modification or condition approved and imposed by the Hong Kong Court) the Scheme.

The Scheme Meeting will be held at Sidley Austin at 39/F, Two International Finance Centre, 8 Finance Street, Central, Hong Kong, starting at 11:00 a.m. Hong Kong time on 18 September 2023 with any

adjournment as may be appropriate. Scheme Creditors will be able to attend the Scheme Meeting and vote in person or by an authorized representative (if a corporation) or by proxy. Scheme Creditors will also be able to attend the Scheme Meeting by video conference using conferencing details and passcode that can be obtained on request from the Information Agent (if you are a Scheme Creditor who is not a Sanctions-Affected Scheme Creditor) or GLAS Trustees Limited ("**GLAS**") (if you are a Blocked Scheme Creditor). Conferencing details and passcode will be provided at least 2 business days before the day appointed for the Scheme Meeting. The Chairperson may require Scheme Creditors attending the Scheme Meeting by video conference to turn on their cameras for the duration of the meetings. Telephone conference facilities will also be made available to Scheme Creditors upon request from the Information Agent (if you are not a Sanctions-Affected Scheme Creditor) or GLAS (if you are a Blocked Scheme Creditor), allowing such Scheme Creditors to listen to the Scheme Meeting and to ask questions (but not cast their vote).

In order to attend the Scheme Meeting and vote on the Scheme (in person, by duly authorized representative, if a corporation, or by proxy), a Scheme Creditor must ensure that its Account Holder Letter or Lender Proxy Form is validly completed in accordance with the instructions set out in the Account Holder Letter or Lender Proxy Form and the Explanatory Statement, and submitted to the Information Agent via the AHL Portal by no later than 11:00 p.m. Hong Kong time, on 13 September 2023. If you are a Blocked Scheme Creditor, please refer to the Explanatory Statement for the arrangements that apply to you in order to participate and vote in the Scheme Meeting.

Each Scheme Creditor or its proxy intending to vote in person at the Scheme Meeting will be required to register its attendance at the Scheme Meeting no later than 60 minutes prior to the scheduled start time of the Scheme Meeting.

Copies of the Scheme, the Explanatory Statement, Account Holder Letter, Lender Proxy Form, Blocked Scheme Creditor Forms and certain Restructuring Documents are available for download from the Scheme Website.

Pursuant to the Convening Order, the Hong Kong Court appointed Mr. Wan Hiu Yeung (also known as Jacky Wan), or failing him, Mr. Jong Yat Kit (also known as Victor Jong), both of PricewaterhouseCoopers Limited, to act as the Chairperson of the Scheme Meeting and directed the Chairperson in his/her capacity as such to report the results of the Scheme Meeting to the Hong Kong Court. The results of the Scheme Meeting will also be made available on the Scheme Website.

The Scheme will be subject to the subsequent approval and sanction of the Hong Kong Court, and the satisfaction or waiver (as applicable) of the conditions as set out in section 6.13(b) of the Explanatory Statement.

**Contact details of the Information Agent and GLAS:**

Morrow Sodali Limited

| | | |
|---|---|---|
| E-mail | : | sunac@investor.morrowsodali.com |
| Tel. | : | +44 20 4513 6917; +852 2319 4126 |
| UK Address | : | 103 Wigmore Street |
| | | W1U 1QS, London, UK |
| HK Address | : | 29/F, The Executive Centre, No. 28 Stanley Street, Central, Hong Kong |
| Attention | : | Debt Services Team |

GLAS Trustees Limited

| | | |
|---|---|---|
| E-mail | : | dcm@glas.agency |
| Tel. | : | +44 (0)20 3597 2940 |
| UK Address | : | 55 Ludgate Hill, Level 1 West, London EC4M 7JW, United Kingdom |
| Attention | : | Debt Capital Markets (Project CZ) |

**Hyperlinks to the Scheme Website and the AHL Portal:**

| | | |
|---|---|---|
| Scheme Website | : | https://projects.morrowsodali.com/Sunac |
| AHL Portal | : | https://portal.morrowsodali.com/sunacAHL |

Date this 25th day of August 2023

*Mr. Wan Hiu Yeung (also known as Jacky Wan)*
Chairperson of the Scheme Meeting

## **ANNEXURE 2**

**Account Holder Letter (draft)**

**ACCOUNT HOLDER LETTER[1]**

For use by Account Holders in respect of

**7.25% senior notes due June 2022** (ISIN: XS2012954835, Common Code: 201295483);
**7.95% senior notes due August 2022** (ISIN: XS1594400449, Common Code: 159440044);
**8.35% senior notes due April 2023** (ISIN: : XS1810024338, Common Code: 181002433);
**6.50% senior notes due July 2023** (ISIN: XS2201937211, Common Code: 220193721);
**7.95% senior notes due October 2023** (ISIN: XS1981089284, Common Code: 198108928);
**7.50% senior notes due February 2024** (ISIN: XS2075937297, Common Code: 207593729);
**5.95% senior notes due April 2024** (ISIN: XS2287889708, Common Code: 228788970);
**6.65% senior notes due August 2024** (ISIN: XS2212116854, Common Code: 221211685);
**6.80% senior notes due October 2024** (ISIN: XS2366526619, Common Code: 236652661);
**6.50% senior notes due January 2025** (ISIN: XS2100444772, Common Code: 210044477);
**7.00% senior notes due July 2025** (ISIN: XS2202754938, Common Code: 220275493);
**6.50% senior notes due January 2026** (ISIN: XS2287889963, Common Code: 228788996); and
**6.00% senior notes due July 2022** (ISIN: XS2360267954, Common Code: 236026795)

(together, the "**Existing**

**Notes**") issued by

**Sunac China Holdings Limited**

(the "**Company**")

in relation to the Company's scheme of arrangement pursuant to Sections 670, 673 & 674 of the Companies Ordinance.

---

[1]Account Holders will be required to complete and submit Account Holder Letters to the Information Agent online via the Scheme AHL Portal: https://portal.morrowsodali.com/sunacAHL. Only Account Holder Letters validly submitted via the Scheme AHL Portal will be accepted. A sample Account Holder Letter will be posted on the Scheme Website. Scheme Creditors must note that paper Account Holder Letters will NOT be accepted by the Information Agent and will be circulated as a sample version only.

Capitalised terms used but not defined in this Account Holder Letter have the meaning given to them in the explanatory statement relating to the Scheme issued by the Company on [25] August 2023 (the "**Explanatory Statement**"), subject to any amendments or modifications made by the Court.

The Scheme will, if implemented, materially affect the Scheme Creditors of the Company. Scheme Creditors must use this Account Holder Letter (by instructing their Account Holder if the Scheme Creditor itself is not an Account Holder) to (a) register details of their interest in the Existing Notes; (b) if they wish, make certain elections in relation to the voting at the Scheme Meeting; and (c) allow them to receive Restructuring Consideration. The summary of the Account Holder Letter is set out below.

The validly completed Account Holder Letter together with any accompanying documents must be submitted to and received by Morrow Sodali Limited (as the "**Information Agent**") online at https://portal.morrowsodali.com/sunacAHL (the "**Scheme AHL Portal**") by **no later than the Record Time, which is 11:00 p.m. (Hong Kong time) on 13 September 2023**, in order for a Scheme Creditor to vote at the Scheme Meeting and be eligible to receive the Restructuring Consideration on the Restructuring Effective Date. Once the Scheme Meeting has taken place, a Scheme Creditor may amend their selection of the Selection Consideration by resubmitting a validly completed Part 3 of the Account Holder Letter to the Information Agent by the Selection Consideration Nomination Deadline, which is received by the Information Agent or on prior to that date.

If a Scheme Creditor is not an Eligible Person (i.e. a person who cannot make the securities law confirmations and undertakings set out in Annex B to the Distribution Confirmation Deed), it may designate a Designated Recipient who is an Eligible Person (i.e. a person who can make the securities law confirmations and undertakings set out in Annex B to the Distribution Confirmation Deed) in order to receive its share of the Restructuring Consideration by submission of a Designated Recipient Form in accordance with the terms of the Scheme.

**Any Designated Recipient appointed by a Scheme Creditor must hold its account with the same Account Holder as that Scheme Creditor.**

Each Residual Creditor should establish its entitlement to the Trust Assets in accordance with the terms of the Holding Period Trust Deed. If a Residual Creditor fails to establish its entitlement to the Trust Assets in accordance with the terms of the Holding Period Trust Deed prior to the Bar Date, that Residual Creditor's rights under the Scheme shall be extinguished and that Residual Creditor shall not be entitled to receive any Restructuring Consideration under the Scheme.

Following the Holding Period Expiry Date, the Trust Assets shall be transferred by the Holding Period Trustee to the Company and any Remaining New Debt Instruments shall be cancelled in accordance with the terms of the Scheme.

**Blocking Existing Notes**

Any Scheme Creditor that procures the submission of an Account Holder Letter (to vote at the Scheme Meeting and/or receive any Restructuring Consideration on the Restructuring Effective Date ) must block its Existing Notes by ensuring that its Account Holder, **prior to delivering the**

**Account Holder Letter to the Information Agent,** submits the relevant custody instruction to block its Existing Notes held with Euroclear or Clearstream ("**Custody Instruction**") by the Custody Instruction Deadline and includes in the relevant Account Holder Letter reference to the custody instruction reference number ("**Custody Instruction Reference Number**"). An Account Holder Letter will not be valid for the purpose of voting at the Scheme Meeting or receiving Restructuring Consideration on the Restructuring Effective Date , and the Company reserves the right to reject any Account Holder Letter that does not contain reference to a valid Custody Instruction Reference Number.

The Existing Notes will, subject to satisfaction of the conditions outlined in the Scheme, be irrevocably cancelled and marked down in the Clearing Systems as at the Restructuring Effective Date , and thereafter will not be capable of being traded in the Clearing Systems.

**Online Account Holder Letter Form**

It is highly recommended that the completed Account Holder Letter is printed or saved as a PDF document after submission. You will receive acknowledgment of the transmission of your submission. Original paper copies of the Account Holder Letter are not required and should not be sent to the Information Agent.

A separate Account Holder Letter, Distribution Confirmation Deed and, if applicable, Designated Recipient Form must be completed in respect of each separate legal or beneficial holding of an interest in the Existing Notes.

**You are strongly advised to read the Explanatory Statement, the Scheme and, in particular, the Solicitation Packet at Appendix 6 to the Explanatory Statement before you complete the Account Holder Letter. The Solicitation Packet contains detailed information on the various options contained in this Account Holder Letter.**

This Account Holder Letter and any non-contractual obligations arising out of or in relation to this Account Holder Letter shall be governed by, and interpreted in accordance with, the laws of Hong Kong. The courts of Hong Kong shall have exclusive jurisdiction to settle any disputes which may arise out of or in connection with this Account Holder Letter. By submission of the Account Holder Letter to the Information Agent, the Scheme Creditor irrevocably submits to the jurisdiction of the courts of Hong Kong.

You may not need to complete and submit all parts of this Account Holder Letter. However, where any part of this Account Holder Letter is completed, please ensure that all sections within that part are submitted to the Information Agent.

**FOR ASSISTANCE CONTACT**

**Morrow Sodali Limited**
Telephone: +852 2319 4130 or +44 20 4513 6933
Email: sunac@investor.morrowsodali.com

Scheme Website (document posting website):
https://projects.morrowsodali.com/sunac

Scheme AHL Portal (for Account Holder Letters and Lender Proxy Forms submission):
https://portal.morrowsodali.com/sunacAHL

## SUMMARY OF THIS ACCOUNT HOLDER LETTER

**The Account Holder Letter must be validly completed and submitted to the Information Agent.**

| PART 1 | SCHEME CREDITOR, ACCOUNT HOLDER AND HOLDINGS DETAILS AND CONFIRMATIONS | *This Part 1, Part 2 and Part 3 comprise the Account Holder Letter.* |
|---|---|---|
| Section 1 | Details of the Scheme Creditor | *Part 1 must be completed for <u>all Scheme Creditors who are Existing Noteholders and who are not Blocked Scheme Creditors</u>.* |
| Section 2 | Account Holder Details | *Part 2 must be submitted for <u>only those Scheme Creditors who intend* |
| Section 3 | Details of Holdings | *and are permitted to vote at the Scheme Meeting</u>.* |
| Section 4 | Account Holder Confirmations | *Part 3 must be submitted for <u>Scheme Creditors who are not Blocked* |
| PART 2 | VOTING AND APPOINTMENT OF PROXY | *Scheme Creditors to receive their Restructuring Consideration on the Restructuring Effective Date.</u> This* |
| Section 1 | Account Holder Voting Confirmations | *Part must be re-completed and re-submitted if such Scheme Creditors* |
| Section 2 | Voting Instructions relating to the Scheme and Appointment of Proxy | *wish to change their selection of Selection Consideration between the Scheme Meeting and the Selection* |
| PART 3 | NOMINATIONS RELATING TO SELECTION CONSIDERATION | *Consideration Nomination Deadline.* |
| Section 1 | Account Holder Confirmations | *Blocked Scheme Creditors should complete the Blocked Scheme Creditor form instead of the Account* |
| Section 2 | Selections | *Holder Letter. Residual Scheme Creditors must only complete Part 1 of the Account Holder Letter.* |
| | | *The Account Holder Letter must be completed in all cases by the Account Holder for and on behalf of the Scheme Creditor and signed by the Account Holder to constitute a validly completed Account Holder Letter.* |
| | | *A Scheme Creditor must submit a validly completed Account Holder Letter to cast a vote at the Scheme Meeting or to receive any of the* |

| | | *Restructuring Consideration if the Scheme becomes effective in accordance with its terms.* |
|---|---|---|

## SCHEME CREDITOR, ACCOUNT HOLDER AND HOLDINGS DETAILS AND CONFIRMATIONS

**Irrespective of any elections made under any other part of this Account Holder Letter, an Account Holder Letter submitted and received via the Scheme AHL Portal to the Information Agent that does not include all information requested in this Part 1 will not constitute a validly completed Account Holder Letter and the relevant Scheme Creditor will not be entitled to cast a vote at the Scheme Meeting or receive any amount of the Restructuring Consideration if the Scheme becomes effective in accordance with its terms.**

<u>**Section 1**</u>     **Details of the Scheme Creditor**

Please identify the Scheme Creditor (that is, the person that is the beneficial owner of and/or the holder of the ultimate beneficial or legal interest as principal in the Existing Notes held in global form through the Clearing Systems to which this Account Holder Letter relates) on whose behalf you are submitting this Account Holder Letter.

**To be completed for all Scheme Creditors who are not Blocked Scheme Creditors:**

Type of Scheme Creditor (select one): Physical Person / Organisation

Full name of the Scheme Creditor:

_____

Is the Scheme Creditor an Eligible Person?  (select one)      YES / NO

Contact name:

_____

Country of residence/headquarters:

_____

Email address:

_____

Telephone number (with country code):

_____

**To be completed if the Scheme Creditor is an institution/corporation:**

Jurisdiction of incorporation of the Scheme Creditor:

_____

**<u>Section 2</u>      Account Holder Details**

Full name of Account Holder:              .

_____

Clearing System (select one):                              EUROCLEAR / CLEARSTREAM

Clearing System participant account number:

_____

Authorised employee of Account Holder (print name):

_____

Telephone number of authorised employee (with country code):

_____

Email address of authorised employee:

_____

<u>Section 3</u>    **Details of Holdings**

The Account Holder, on behalf of the relevant Scheme Creditor, holds the following Existing Notes to which this Account Holder Letter relates which have been "blocked" at the Record Time. Prior to the Record Time, Existing Notes must have been "blocked" through delivery of a Custody Instruction to the relevant Clearing System by the Custody Instruction Deadline, the reference number in relation to which is identified below.

| ISIN | Amount Blocked at Clearing System[2] | Clearing System | Clearing System Participant Account Number | Custody Instruction Reference Number[3] | Accession Code (if applicable)[4] |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[2] The amount entered should be the entire principal amount of the Existing Notes in respect of which the Account Holder is giving instructions on behalf of the relevant Existing Noteholder pursuant to this Account Holder Letter. If the Account Holder holds Existing Notes in respect of which it is not giving instructions pursuant to this Account Holder Letter, this amount should not be stated and is not required to be notified.

[3] Corresponding to the Custody Instruction in Euroclear / Clearstream submitted by the Account Holder on behalf of the Scheme Creditor.

[4] The unique code provided by the Information Agent to a Consenting Creditor following its valid accession to the RSA and which must be included by an Eligible Consenting Creditor in its Account Holder Letter in order to be eligible to receive the Consent Fee.

**Section 4**    **Account Holder Confirmations**

By signing this Part 1 of this Account Holder Letter, the Account Holder is hereby instructed by the Scheme Creditor in respect of which this Account Holder Letter is being submitted to certify that such Scheme Creditor (i) holds the Existing Notes detailed in Part 1, Section 3 as at the date of such Account Holder Letter; and (ii) in respect of any distribution of Restructuring Consideration, acknowledges and agrees that the Company shall be entitled to treat such Scheme Creditor (or, if applicable, its Designated Recipient) as the party entitled to receive the Restructuring Consideration in respect of such holding of Existing Notes.

By submitting this Account Holder Letter to the Information Agent, the Scheme Creditor (on whose behalf this Account Holder Letter is submitted) instructing the Account Holder makes the representations, warranties and undertakings set forth below in favour of the Company, the Chairperson and the Information Agent as at the date on which this Account Holder Letter is delivered to the Information Agent:

1.  Each Scheme Creditor who submits or procures the submission of an Account Holder Letter represents, warrants and undertakes to the Company, the Chairperson and the Information Agent that:

    (a)  the Existing Notes which are the subject of the Account Holder Letter are, at the time of delivery of such Account Holder Letter, held by it (directly or indirectly) or on its behalf at the relevant Clearing System; and

    (b)  the Scheme Creditor authorises the Clearing Systems to provide details concerning its identity, the Existing Notes which are the subject of the Account Holder Letter and delivered on its behalf and its applicable account details to the Company and the Information Agent and their respective legal and financial advisers at the time the Account Holder Letter is submitted.

2.  Any Scheme Creditor that is unable to give any of the representations in paragraph 1 above should contact the Information Agent directly as soon as possible.

**Before returning this Account Holder Letter, please make certain that you have provided all the information requested.**

For the purposes of a Scheme Creditor voting or receiving any Restructuring Consideration under the Scheme:

- relevant Custody Instruction (as applicable) must have been delivered in respect of the Existing Notes identified in Part 1, Section 3 of this Account Holder Letter as being held in the Clearing System;

- the Information Agent will accept this Account Holder Letter only if (as applicable) a valid Custody Instruction Reference Number is included in Part 1, Section 3 of this Account Holder Letter in respect of the Existing Notes which are the subject of this Account Holder Letter;

- information in this Account Holder Letter must be consistent with the Custody Instruction;

- in respect of any distribution of New Debt Instruments and/or 1516 Shares, the Distribution Confirmation Deed and, if applicable, the Designated Recipient Form must be validly completed; and

- if applicable, in order for Eligible Consenting Creditors to be eligible to receive the Consent Fee in accordance with the terms of the RSA, a valid Accession Code must be included in Part 1, Section 3 in respect of the Existing Notes which are the subject of this Account Holder Letter.

**SIGNING:**

Account Holder's authorised employee /
representative name:

_____

Executed by authorised employee /
representative for and on behalf of Account
Holder:

_____

Date:

_____

## VOTING AND APPOINTMENT OF PROXY

**This Part 2 is required to be completed only if a Scheme Creditor, who is not a Blocked Scheme Creditor, intends to vote at the Scheme Meeting.**

<u>**Section 1**</u>    **Account Holder Voting Confirmations**

The Account Holder named below for itself hereby confirms to the Company and the Information Agent as follows (select "yes" or "no" as appropriate):

That, in relation to the Existing Notes identified in Part 1, Section 3 (*Details of Holdings*) of Part 1 (*Scheme Creditor, Account Holder and Holdings Details and Confirmations*) of this Account Holder Letter, the Account Holder has authority to give the voting instructions set out in Part 2, Section 2 (*Voting Instructions relating to the Scheme*) of this Part 2 (*Voting and Appointment of Proxy*) of this Account Holder Letter, indicate the elections set forth herein (if applicable) and, if applicable, to nominate the person named in Part 2, Section 2 (*Voting Instructions relating to the Scheme*) of this Part 2 (*Voting and Appointment of Proxy*) of this Account Holder Letter to attend and vote at the Scheme Meeting.

☐ Yes

☐ No

**In order for a Scheme Creditor to be eligible to vote (either in person or by proxy), an Account Holder must respond "yes" in respect of paragraph 1 above.**

**Section 2**       **Voting Instructions relating to the Scheme and Appointment of Proxy**

The Scheme Creditor wishes to vote (or to instruct its proxy to vote) at the Scheme Meeting as follows (please select **only one**):

☐ **FOR** the Scheme; or

☐ **AGAINST** the Scheme; or

☐ **ABSTAIN** from voting on the Scheme.

The Scheme Creditor wishes (please select **only one**):

☐       to appoint the Chairperson as its proxy to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above; or

☐       to appoint the proxy (other than the Chairperson) identified below to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above:

Name:

_____

Passport country and number:

_____

☐       to attend and vote on the Scheme at the Scheme Meeting in person or by the below duly authorised representative, if a corporation, in such manner as the Scheme Creditor thinks fit.

Name:

_____

Passport country and number:

_____

**IMPORTANT NOTES:**

1.       Unless a Scheme Creditor is an individual attending in person or a corporation attending by a duly authorised representative, it must appoint a proxy to vote on its behalf at the Scheme Meeting. It is recommended that the Chairperson is appointed as the proxy, as there would in such circumstances be no need for any additional documents or identification to be taken to the Scheme Meeting by or on behalf of the Scheme Creditor.

2.  Any Scheme Creditor or its proxy attending the Scheme Meeting in person must produce a duplicate copy of the Account Holder Letter validly completed and submitted on behalf of that Scheme Creditor together with evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board resolutions) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification) at the registration desk by no later than one hour before the scheduled time of the Scheme Meeting.

3.  For the avoidance of doubt, in order to vote, the Account Holder Letter should be completed and submitted to and received by the Information Agent by the Record Time.

4.  Eligible Consenting Creditors who vote in favour of the Scheme will also be treated as having waived the performance of the obligation in clause 4.3(a) of the RSA of Eligible Consenting Creditors who are Blocked Scheme Creditors to the extent the performance of such obligation requires the submission of an Account Holder Letter (which such Blocked Scheme Creditors are not entitled, able or permitted to do due to applicable financial sanctions).

## NOMINATIONS RELATING TO SELECTION CONSIDERATION

**This Part 3 must be completed by a Scheme Creditor who is not a Blocked Scheme Creditor to provide its selection of the Selection Consideration as part of its Restructuring Consideration. A Scheme Creditor may re-complete and re-submit this Part 3 to the Information Agent after the Scheme Meeting and prior to the Selection Consideration Nomination Deadline if they wish to amend their prior selection of the Selection Consideration as part of its Restructuring Consideration.**

**<u>This Part 3 does not need to be completed by Residual Creditors</u> (i.e. those Scheme Creditors who are not Participating Creditors (Scheme Creditors who submit a validly completed Account Holder Letter and/or Lender Proxy Form (as applicable, including its selection of the Selection Consideration), Distribution Confirmation Deed (including affirmative Securities Law Representations) and, if applicable, a Designated Recipient Form to the Information Agent prior to the Record Time)).**

<u>**Section 1**</u>     **Account Holder Confirmations**

The Account Holder named below for itself hereby confirms to the Company and the Information Agent as follows (select "yes" or "no" as appropriate):

1.       That, in relation to the Existing Notes identified in Part 1, Section 3 (*Details of Holdings*) of Part 1 (*Scheme Creditor, Account Holder and Holdings Details and Confirmations*) of this Account Holder Letter, the Account Holder has authority to give the nominations set out in Part 2, Section 2 (*Nominations*) of this Part 3 (*Nominations relating to the Selection Consideration*) of this Account Holder Letter.

☐Yes

☐No

**In order for a Scheme Creditor's nominations within this Part 3 to be accepted, an Account Holder must respond "yes" in respect of paragraph 1 above.**

**Section 2**        **Selections**

The Scheme Creditor nominates to receive a combination of the Selection Consideration[5] as part of its Restructuring Consideration on the Restructuring Effective Date , in respect of [•] of the outstanding principal amount of the Existing Notes held by such Scheme Creditor. Please provide an indication below of your selection of the Mandatory Convertible Bonds and the 1516 Shares below. The Convertible Bond amount listed (9.78%) is an estimate based on the total percentage of Scheme Creditors' claims. The amount of New Notes that each Scheme Creditor will receive is based on the remainder following the selection of Mandatory Convertible Bonds and the 1516 Shares, in addition to the Convertible Bonds:

| Convertible Bonds (1) | Mandatory Convertible Bonds | 1516 Shares[6] | New Notes[7] | **Total** |
|---|---|---|---|---|
| 9.78% | [•]% | [•]% | [•]% | 100% |

*1) Based on the information provided as at the date of the Explanatory Statement, the Scheme Creditors' claims as of the Interest Commencement Date (excluding) are expected to be totalling c. USD 10,227m, meaning that the USD 1bn. of CB to be issued under the Scheme is equivalent to 9.78% of the Scheme Creditors' Claim. Given that the actual interest rate may deviate from the estimate, the 9.78% figure is illustrative and may change.*

For the avoidance of doubt, and irrespective of the non-binding indications of the Restructuring Consideration that the Scheme Creditor may have provided in their Accession Letter, in order for the above nominations to be accepted by the Company and the Information Agent, the Account Holder Letter should be completed and submitted to and received by the Information Agent by the Record Time. Once the Scheme Meeting has taken place, if a Scheme Creditor wishes to change either of their nominations made within this Section 2 (*Selections*), Part 3 of the Account Holder Letter should be recompleted and resubmitted to and received by the Information Agent by the Selection Consideration Nomination Deadline.

---

[5] The sum of the percentages indicated for Convertible Bonds, Mandatory Convertible Bonds, 1516 Shares, and New Notes must equal 100%.

[6] The 1516 Shares will be settled to the same Clearing Systems securities account in which the Existing Notes were held at the Record Time.

[7] These percentages to be calculated by the person filling in this Account Holder Letter.

## ANNEXURE 3

**Lender Proxy Form (draft)**

## LENDER PROXY FORM

For use by Existing Lenders in respect of

**7.75% Hong Kong law governed facility due 15 July 2022;**

**Hong Kong law governed floating rate facility due 28 August 2022;**

**Hong Kong law governed floating rate facility due 30 June 2024;**

**English law governed swap instrument due 18 March 2022;**

**English law governed swap instrument due 7 June 2022;**

**5.00% Hong Kong law governed facility due 9 June 2022;**

**7.00% Hong Kong law governed facility due 2 July 2022;**

**7.00% Hong Kong law governed facility due 8 April 2023; and**

**6.60% Hong Kong law governed facility due 8 June 2023;**

(together, the "**Existing**

**Private Debt**") issued by,

borrowed by and/or

incurred by

**Sunac China Holdings Limited**

(the "**Company**")

in relation to the Company's scheme of arrangement pursuant to Sections 670, 673 & 674 of the Companies Ordinance.

**This Lender Proxy Form is for completion by Existing Lenders. Any Lender Proxy Form which is verified by the Information Agent will be provided to the Chairperson at the Scheme Meeting. Existing Lenders who are Consenting Creditors must include their Accession Code when completing this Lender Proxy Form and will need to vote in favour of the Schemes in accordance with the instructions set out below in order to be entitled to the Consent Fee.**

**All Existing Lenders (and all Designated Recipients, if applicable) will need to hold an account with the Clearing Systems in order to receive the New Debt Instruments, 1516 Shares and the Consent Fee (if applicable). All Existing Lenders (and all of their Designated Recipients, if applicable) are advised to open an account with the Clearing Systems as soon as possible, and in any event, by the Bar Date, and include those account details at Section 2 of this Lender Proxy Form. If you are unable to open a Clearing Systems account and are not a Blocked Scheme Creditor, please contact the Information Agent who will inform the Company.**

Capitalised terms used but not defined in this Lender Proxy Form have the meaning given to them in the explanatory statement relating to the Scheme issued by the Company on [25] August 2023 (the "**Explanatory Statement**"), subject to any amendments or modifications made by the Court.

The Schemes will, if implemented, materially affect the Scheme Creditors of the Company. Existing Lenders must use this Lender Proxy Form to (a) register details of their interest in the Existing Private Debt; (b) if they wish, make certain elections in relation to the voting at the Scheme Meeting; and (c) allow them to receive Restructuring Consideration. The summary of the Lender Proxy Form is set out below.

<u>**Section 1: Background**</u>

1.    Existing Lenders are invited to vote for, or against, the Schemes, by completing and submitting this Lender Proxy Form, together with sufficient evidence to allow the Information Agent to reliably establish their identity, status as a Scheme Creditor, and the value of their holding, and together with the Distribution Confirmation Deed, and (if applicable) the Designated Recipient Form. Moreover, in order to receive the Consent Fee, the Existing Lenders must include their Accession Code when completing Lender Proxy Form (to the extent the Existing Lender is a Consenting Creditor) and vote in favour of the Scheme.

2.    **In order to vote on the Scheme and to receive Restructuring Consideration, this Existing Lender Proxy Form, together with the required evidence and information, the Distribution Confirmation Deed, and (if applicable) the Designated Recipient Form, must be submitted by no later than the Record Time, which is 11:00 p.m. (Hong Kong time) on 13 September 2023, to the Information Agent via the Scheme AHL Portal at https://portal.morrowsodali.com/sunacAHL.**

3.    **In order to receive the Restructuring Consideration on the Restructuring Effective Date, this Lender Proxy Form, together with the required evidence and information, the Distribution Confirmation Deed, and (if applicable) the Designated Recipient Form, must be submitted by no later than the Record Time, which is 11:00 p.m. (Hong Kong time) on 13 September 2023, to the Information Agent via the Scheme AHL Portal at https://portal.morrowsodali.com/sunacAHL.**

4.    **In order to receive the Restructuring Consideration on the Restructuring Effective Date, this Lender Proxy Form, together with the required evidence and information, the Distribution Confirmation Deed, and (if applicable) the Designated Recipient**

**Form, must be submitted by no later than the Bar Date, which is 235 days after the Restructuring Effective Date (or if such date is not a Business Day, the next Business Day after that date)**

5.    The Chairperson shall verify:

   a.  the principal amount of the Existing Private Debt specified by the Existing Lender in this Lender Proxy Form against the supporting evidence provided by Existing Lenders in their respective forms regarding their interest in Existing Private Debt at the Record Time; and

   b.  all accrued and unpaid interest relating to such Existing Private Debt up to (but excluding) the Record Time.

6.    Each Lender Proxy Form which is verified by the Information Agent will be provided to the Chairperson of the Scheme Meeting (i) to instruct the Chairperson as the Existing Lender's proxy to cast a vote on behalf of the Existing Lender at the Scheme Meeting in accordance with the wishes of the Existing Lender; (ii) to appoint someone else as the Existing Lender's proxy to attend and cast a vote at the Scheme Meetings in accordance with the wishes of the Existing Lender; or (iii) to notify the Chairperson that the Existing Lender will attend and vote at the Scheme Meetings in person or, if a corporation, by a duly authorised representative.

7.    This Lender Proxy Form and any non-contractual obligations arising out of or in relation to this Lender Proxy Form shall be governed by, and interpreted in accordance with, the laws of the Hong Kong. The Court shall have exclusive jurisdiction to settle any disputes which may arise out of or in connection with this Lender Proxy Form.

8.    For further information on how to complete or submit a Lender Proxy Form, please contact the Information Agent at sunac@investor.morrowsodali.com.

**Section 2: Details of the Existing Lender**

Type of Existing Lender (select one): Physical Person / Organisation

Full name of the Existing Lender:

_____

Country of residence/headquarters:

_____

Email address:

_____

Telephone number (with country code):

_____

Accession Code from Accession Deed (which must be included if the Existing Lender is a Consenting Creditor in order to receive the Consent Fee):

_____

Description of sufficient evidence of personal identity (which must be submitted with this completed form):

_____

**To be completed if the Existing Lender is an institution/corporation:**

Jurisdiction of incorporation of Existing Lender:

_____

Name of authorized representative:

_____

Description of sufficient evidence of authority to represent the Existing Lender (which must be submitted with this completed form):

_____

**To be completed by the Existing Lender in order to receive the New Instruments and the Consent Fee (if applicable):**

Full name of Account Holder:

_____

Clearing System (select one):          EUROCLEAR / CLEARSTREAM

Clearing System participant account number:

_____

Authorised employee of Account Holder (print name):

_____

Telephone number of authorised employee (with country code):

_____

Email address of authorised employee:

_____

**CASH ACCOUNT DETAILS**

Correspondent Bank:

_____

Correspondent Bank SWIFT:

_____

Beneficiary Bank (if applicable):

_____

Beneficiary SWIFT (if applicable):

_____

Account Number of Beneficiary Bank (if applicable):

_____

Beneficiary:

_____

Beneficiary Account Number/IBAN:

_____

Reference:

_____

**Section 3: Details of Holdings**

| ADI Code for Existing Private Debt | Description of Existing Private Debt | Principal amount of Existing Private Debt held as at the Record Time | All accrued but unpaid normal interest up to (but excluding) the Record Time | All accrued but unpaid default interest (if any) charged up to (but excluding) the Record Time | All accrued but unpaid normal interest up to (but excluding) 30 September 2023 | All accrued but unpaid default interest (if any) charged up to (but excluding) 30 September 2023 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

*Note 1: Please provide analysis and/or breakdown of the interest calculation up to (but excluding) (i) the Record Time and (ii) 30 September 2023 (being the Interest Commencement Date under the Scheme). This can be supplied on a separate sheet signed by the Scheme Creditors or person authorised to act on its behalf.*

**Section 4: Existing Lender Confirmations**

The Existing Lender named in this Lender Proxy Form for itself hereby confirms to the Company as follows (select "yes" or "no" as appropriate):

1.  That all authority conferred or agreed to be conferred pursuant to this Lender Proxy Form and every obligation of the Existing Lender under this Lender Proxy Form shall, to the best of its knowledge and the extent permitted by law, be binding upon the successors and assigns of the Existing Lender (in the case of a corporation or institution) or the successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the Existing Lender (in the case of a natural person) and shall not be affected by, and shall survive, the insolvency, bankruptcy, dissolution, death or incapacity (as the case may be) of the Existing Lender and that all of the information in this Lender Proxy Form is complete and accurate.

    ☐   Yes

    ☐   No

2.  That, in relation to the Existing Lender's holding in the Existing Private Debt identified in this form, the Existing Lender has authority to:

    a.  give the voting instructions set out in Section 5 of this Lender Proxy Form and, if applicable, to nominate the person named in this Lender Proxy Form to attend and vote at the Scheme Meeting; and

    b.  give the elections as to Restructuring Consideration set out in Section 6 of this Lender Proxy Form.

    ☐   Yes

    ☐   No

**In order for an Existing Lender to be eligible to vote (either in person or by proxy) and to receive Restructuring Consideration in accordance with the terms of the Scheme, an Existing Lender must respond "yes" in respect of paragraph 2 above.**

**<u>Voting Instructions relating to the Schemes and Appointment of Proxy</u>**

The Scheme Creditor wishes to vote (or to instruct its proxy to vote) at the Scheme Meeting as follows (please select **only one**):

☐ **FOR** the Scheme; or

☐ **AGAINST** the Scheme; or

☐ **ABSTAIN** from voting on the Scheme.

The Scheme Creditor wishes (please select **only one**):

☐ to appoint the Chairperson as its proxy to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above; or

☐ to appoint the proxy (other than the Chairperson) identified below to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above:

Name:

_____

Passport country and number:

_____

☐ to attend and vote on the Scheme at the Scheme Meeting in person or by the below duly authorised representative, if a corporation, in such manner as the Scheme Creditor thinks fit.

Name:

_____

Passport country and number:

_____

**IMPORTANT NOTES:**

1.  Unless a Scheme Creditor is an individual attending in person or a corporation attending by a duly authorised representative, it must appoint a proxy to vote on its behalf at the Scheme Meeting. It is recommended that the Chairperson is appointed as the proxy, as there would in such circumstances be no need for any additional documents or identification to be taken to the Scheme Meeting by or on behalf of the Scheme Creditor.

2.    Any Scheme Creditor or its proxy attending the Scheme Meeting in person must produce a duplicate copy of the Lender Proxy Form validly completed and submitted on behalf of that Scheme Creditor together with evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board resolutions) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification) at the registration desk by no later than one hour before the scheduled time of the Scheme Meeting.

3.    For the avoidance of doubt, in order to vote, the Lender Proxy Form should be completed and submitted to and received by the Information Agent by the Record Time.

4.    Consenting Creditors who vote in favour of the Scheme will also be treated as having:

4.1    waived the performance of the obligation in clause 4.3(a) of the RSA of Consenting Creditors who are Blocked Scheme Creditors to the extent the performance of such obligation requires the submission of the Lender Proxy Form (which such Blocked Scheme Creditors are not entitled, able or permitted to do due to applicable financial sanctions); and

4.2    agreed to the Company, at its discretion, waiving any other obligation of such Blocked Scheme Creditors under the RSA.

**Section 5**    **Selections**

The Scheme Creditor nominates to receive a combination of the Selection Consideration[1] as part of its Restructuring Consideration on the Restructuring Effective Date, in respect of [•] of the outstanding principal amount of the Existing Private Debt held by such Scheme Creditor. Please provide an indication below of your selection of the Mandatory Convertible Bonds and the 1516 Shares below. The Convertible Bond amount listed (9.78%) is an estimate based on the total percentage of Scheme Creditors' claims. The amount of New Notes that each Scheme Creditor will receive is based on the remainder following the selection of Mandatory Convertible Bonds and the 1516 Shares, in addition to the Convertible Bonds:

| Convertible Bonds (1) | Mandatory Convertible Bonds | 1516 Shares | New Notes[2] | Total |
|---|---|---|---|---|
| 9.78% | [•]% | [•]% | [•]% | 100% |

*1) Based on the information provided as at the date of the Explanatory Statement, the Scheme Creditors' claims as of the Interest Commencement Date (excluding) are expected to be totalling c. USD 10,227m, meaning that the USD 1bn. of CB to be issued under the Scheme is equivalent to 9.78% of the Scheme Creditors' Claim. Given that the actual interest rate may deviate from the estimate, the 9.78% figure is illustrative and may change.*

For the avoidance of doubt, and irrespective of the non-binding indications of the Restructuring Consideration that the Scheme Creditor may have provided in their Accession Letter, in order for the above nominations to be accepted by the Company and the Information Agent, the Lender Proxy Form should be completed and submitted to and received by the Information Agent by the Record Time. If a Scheme Creditor wishes to change either of their nominations made within this Section 5 (*Selections*) of the Lender Proxy Form following the Scheme Meeting, the Scheme Creditor should recomplete this Section 5 (*Selections*) of the Lender Proxy Form, and ensure the form is submitted  to, and received by, the Information Agent by the Selection Consideration Nomination Deadline.


Signature:
_____

Name of signatory:
_____

Title:
_____

Date:
_____

---

[1] The sum of the percentages indicated for Convertible Bonds, Mandatory Convertible Bonds, 1516 Shares, and New Notes must equal 100%.

[2] These percentages to be calculated by the person filling in this Lender Proxy Form.

## ANNEXURE 4

### Blocked Scheme Creditor Form (draft)

**BLOCKED SCHEME CREDITOR FORM**

For use by Blocked Scheme Creditors in respect of

**7.25% senior notes due June 2022** (ISIN: XS2012954835, Common Code: 201295483);
**7.95% senior notes due August 2022** (ISIN: XS1594400449, Common Code: 159440044);
**8.35% senior notes due April 2023** (ISIN: : XS1810024338, Common Code: 181002433);
**6.50% senior notes due July 2023** (ISIN: XS2201937211, Common Code: 220193721);
**7.95% senior notes due October 2023** (ISIN: XS1981089284, Common Code: 198108928);
**7.50% senior notes due February 2024** (ISIN: XS2075937297, Common Code: 207593729);
**5.95% senior notes due April 2024** (ISIN: XS2287889708, Common Code: 228788970);
**6.65% senior notes due August 2024** (ISIN: XS2212116854, Common Code: 221211685);
**6.80% senior notes due October 2024** (ISIN: XS2366526619, Common Code: 236652661);
**6.50% senior notes due January 2025** (ISIN: XS2100444772, Common Code: 210044477);
**7.00% senior notes due July 2025** (ISIN: XS2202754938, Common Code: 220275493);
**6.50% senior notes due January 2026** (ISIN: XS2287889963, Common Code: 228788996); and
**6.00% senior notes due July 2022** (ISIN: XS2360267954, Common Code: 236026795)

(together, the "**Existing**

**Notes**") issued by

**Sunac China Holdings Limited**

(the "**Company**")

in relation to the Company's scheme of arrangement pursuant to Sections 670, 673 & 674 of the
Companies Ordinance.

Capitalised terms used but not defined in this Blocked Scheme Creditor Form have the meaning given to them in the explanatory statement relating to the Scheme issued by the Company on [25] August 2023 (the "**Explanatory Statement**"), subject to any amendments or modifications made by the Court.

The Scheme will, if implemented, materially affect the Scheme Creditors of the Company. Blocked Scheme Creditors must use this Blocked Scheme Creditor Form to (a) register details of their interest in the Existing Notes; (b) if they wish, make certain elections in relation to the voting at the Scheme Meeting; and (c) allow them to receive Restructuring Consideration. The summary of the Blocked Scheme Creditor Form is set out below.

**Background**

1.  Blocked Scheme Creditors are Scheme Creditors that are not entitled, able or permitted (whether directly or through a custodian) to submit instructions or settle through the Clearing Systems as a result of financial sanctions affecting the Scheme Creditor or its custodian as determined by the Clearing Systems, including Scheme Creditors whose Existing Notes are held through Russia's National Settlement Depository.

2.  Some or all Blocked Scheme Creditors will accordingly not be able to submit Custody Instructions or voting instructions via the Clearing Systems and the Information Agent will not be able to collect information, including voting instructions, from Blocked Scheme Creditors or the Clearing Systems.

3.  As a result, some or all Blocked Scheme Creditors will not be able to vote, through the Clearing Systems, on the Scheme.

4.  However, Blocked Scheme Creditors are invited to vote for, or against, the Scheme, by completing and submitting this Blocked Scheme Creditor Form prior to the Record Time, **which is 11:00 p.m. (Hong Kong time) on 13 September 2023,** together with sufficient evidence to allow GLAS to reliably establish their identity, status as a Scheme Creditor and the value of their holding. Moreover, in order to receive the Restructuring Consideration, Blocked Scheme Creditors who are Eligible Consenting Creditors must include their Accession Code when completing this Blocked Scheme Creditor Form.

5.  Blocked Scheme Creditors must also complete and submit this Blocked Scheme Creditor Form prior to the Record Time to inform the Company of their selection of Selection Consideration as part of their Restructuring Consideration.

6.  This Blocked Scheme Creditor Form, together with the required evidence and information, must be submitted by the **Bar Date** at latest, being the date which is 235 days after the Restructuring Effective Date , by email to GLAS at dcm@glas.agency, in order for the Blocked Scheme Creditor to receive any Restructuring Consideration on the Holding Period Expiry Date, if the Applicable Sanctions have lifted at that time, or from the Successor Escrow in accordance with the Scheme.

7.  In reviewing any submitted Blocked Scheme Creditor Form, GLAS will seek to verify to the best of its ability the Blocked Scheme Creditor's identity, status as Scheme Creditor and the value of its holding. Neither the Information Agent nor the Clearing Systems will assist

with this verification process.

8.    The Blocked Scheme Creditor Forms which are provided to GLAS prior to the Record Time and verified by the Holding Period Trustee will be provided to the Chairperson of the Scheme Meeting with a recommendation that the vote contained therein be admitted as part of the overall vote on the Scheme. The Chairperson of the Scheme Meeting retains absolute discretion to accept or reject such Blocked Scheme Creditor Forms for voting purposes.

9.    The votes contained in all Blocked Scheme Creditor Forms that are submitted to GLAS, whether or not admitted by the Company or accepted by the Chairperson of the Scheme Meeting, will be brought to the attention of the Court by the Company at the Sanction Hearing.

The validly completed Blocked Scheme Creditor Form, together with the required evidence and information, must be submitted to and received by GLAS via email at dcm@glas.agency **by the Record Time, which is 11:00 p.m. (Hong Kong time) on 13 September 2023**, in order for a Blocked Scheme Creditor to vote at the Scheme Meeting, select its Selection Consideration as part of its Restructuring Consideration, and be eligible to receive the Consent Fee (if applicable) from the Holding Period Trust or Successor Escrow, as applicable. Once the Scheme Meeting has taken place, a Blocked Scheme Creditor may amend its selection of the Selection Consideration by resubmitting a validly completed Part 3 of the Blocked Scheme Creditor Form to GLAS by the **Selection Consideration Nomination Deadline**, which is received by GLAS on or prior to that date.

Blocked Scheme Creditors who are Eligible Consenting Creditors will need to vote in favour of the Scheme in accordance with the instructions set out below in order to be entitled to the Consent Fee (among satisfying the other conditions specified in the RSA).

Each Blocked Scheme Creditor should establish its entitlement to its Restructuring Consideration in accordance with the terms of the Holding Period Trust Deed, including by the submission of a validly completed Blocked Scheme Creditor Form, together with the required evidence and information, to GLAS. If a Blocked Scheme Creditor fails to establish its entitlement to its Restructuring Consideration in accordance with the terms of the Holding Period Trust Deed **prior to the Bar Date**, that Blocked Scheme Creditor's rights under the Scheme shall be extinguished and that Blocked Scheme Creditor shall not be entitled to receive any New Debt Instruments or 1516 Shares under the Scheme.

Following the Holding Period Expiry Date, the Restructuring Consideration for the Blocked Scheme Creditors shall be transferred by the Holding Period Trustee to the Company. The Company will then transfer the Restructuring Consideration for Blocked Scheme Creditors who have submitted a validly completed Blocked Scheme Creditor Form to GLAS prior to the Bar Date to the Successor Escrow Agent to hold in the Successor Escrow (and at that point will deposit in the Successor Escrow any Consent Fee due to any Blocked Scheme Creditors who are Eligible Consenting Creditors) for such Blocked Scheme Creditors until the earlier of (i) the expiry of the Perpetuity Period, or (ii) the lifting of applicable sanctions, with such Blocked Scheme Creditors being given a reasonable period of time thereafter to recover their entitlement to the Restructuring Consideration in accordance with the Successor Escrow. The New Debt Instruments claimable by Blocked Scheme Creditors who have not submitted a validly completed Blocked Scheme Creditor Form prior to the Bar Date shall be cancelled by the Company in accordance with the terms of the Scheme. If the Applicable Sanctions are lifted

on or prior to the Holding Period Expiry Date the Company shall, as soon as reasonably practicable after the lifting of the Applicable Sanctions, deposit the Consent Fee due to any Blocked Scheme Creditor that is an Eligible Consenting Creditor in an account nominated by such Blocked Scheme Creditor in its Account Holder Letter and/or Lender Proxy Form.

**You are strongly advised to read the Explanatory Statement, the Scheme and, in particular, this Solicitation Packet before you complete the Blocked Scheme Creditor Form. The Solicitation Packet contains detailed information on the various options contained in this Blocked Scheme Creditor Form.**

This Blocked Scheme Creditor Form and any non-contractual obligations arising out of or in relation to the Account Holder Letter and/or shall be governed by, and interpreted in accordance with, the laws of Hong Kong. The courts of Hong Kong shall have exclusive jurisdiction to settle any disputes which may arise out of or in connection with this Blocked Scheme Creditor Form. By submission of the Blocked Scheme Creditor Form to GLAS, the Blocked Scheme Creditor irrevocably submits to the jurisdiction of the courts of Hong Kong and waives any objections to proceedings in such courts on the ground of venue or on the ground that the proceedings have been brought in an inconvenient forum.

You may not need to complete and submit all parts of this Blocked Scheme Creditor Form. However, where any part of this Blocked Scheme Creditor Form is completed, please ensure that all sections within that part are submitted to GLAS.

**FOR ASSISTANCE CONTACT:**

**GLAS Trustees Limited**

**Address:** 55 Ludgate Hill, Level 1 West, London EC4M 7JW, United Kingdom

**Telephone:** +44 (0)20 3597 2940

**Email:** dcm@glas.agency

**Attention:** Debt Capital Markets (Project CZ)

**SUMMARY OF THIS BLOCKED SCHEME CREDITOR FORM**

**The Blocked Scheme Creditor Form must be validly completed and submitted to GLAS.**

| PART 1 | BLOCKED SCHEME CREDITOR DETAILS | *This Part 1, Part 2 and Part 3 comprise the Blocked Scheme Creditor Form.* |
|---|---|---|
| Section 1 | Details of the Blocked Scheme Creditor | *Part 1 must be completed for <u>all Blocked Scheme Creditors</u>.* |
| Section 2 | Details of Holdings | *Part 2 must be submitted for <u>only those Blocked Scheme Creditors who intend and are permitted to vote at the Scheme Meeting</u>.* |
| PART 2 | VOTING AND APPOINTMENT OF PROXY | *Part 3 must be submitted for <u>Blocked Scheme Creditors to submit their selection of the Selection Consideration 3 as part of their Restructuring Consideration</u>. This Part must be re-completed and re-submitted if such Scheme Creditors wish to change their selection of the Selection Consideration between the Scheme Meeting and the Selection Consideration Nomination Deadline.* |
| Section 1 | Blocked Scheme Creditor Voting Confirmations | |
| Section 2 | Voting Instructions relating to the Scheme and Appointment of Proxy | |
| PART 3 | NOMINATIONS RELATING TO THE SELECTION CONSIDERATION | *Scheme Creditors who are not Blocked Scheme Creditors do not need to complete the Blocked Scheme Creditor Form.* |
| Section 1 | Blocked Scheme Creditor Confirmations | *The Account Holder Letter must be completed in all cases by the Blocked Scheme Creditor and signed by such Blocked Scheme Creditor to constitute a validly completed Blocked Scheme Creditor Form.* |
| Section 2 | Nominations | *A Blocked Scheme Creditor must submit a validly completed Blocked Scheme Creditor Form to cast a vote at the Scheme Meeting or to receive any of the Restructuring Consideration if the Scheme becomes effective in accordance with its terms.* |

## PART 1

### BLOCKED SCHEME CREDITOR DETAILS

**Irrespective of any elections made under any other part of this Blocked Scheme Creditor Form, a Blocked Scheme Creditor Form submitted and received by GLAS that does not include all information requested in this Part 1 will not constitute a validly completed Blocked Scheme Creditor Form and the relevant Blocked Scheme Creditor will not be entitled to cast a vote at the Scheme Meeting or receive any amount of the Restructuring Consideration if the Scheme becomes effective in accordance with its terms.**

**Section 1**    **Details of the Blocked Scheme Creditor**

Full name of Blocked Scheme Creditor:

_____

Country of residence/headquarters:

_____

Email address:

_____

Telephone number (with country code):

_____

Accession Code (which must be included if the Blocked Scheme Creditor is an Eligible Consenting Creditor in order to receive the Consent Fee):

_____

Description of sufficient evidence of personal identity (which must be submitted with this completed form):

_____

**To be completed if the Blocked Scheme Creditor is an institution/corporation:**

Jurisdiction of incorporation of Blocked Scheme Creditor:

_____

Name of authorized representative:

_____

Description of sufficient evidence of authority to represent the Blocked Scheme Creditor (which must be submitted with this completed form):

_____

**Section 2**    **Details of Holdings**

Aggregate principal amount of Existing Debt held as at the Record Time:

_____

Description of sufficient evidence of holding (which must be submitted with this completed form):

_____

## PART 2

### VOTING AND APPOINTMENT OF PROXY

**This Part 2 is required to be completed only if a Blocked Scheme Creditor intends to vote at the Scheme Meeting.**

<u>**Section 1**</u>    **Blocked Scheme Creditor Voting Confirmations**

The Blocked Scheme Creditor named below for itself hereby confirms to GLAS as follows (select "yes" or "no" as appropriate):

1.    That all authority conferred or agreed to be conferred pursuant to this Blocked Scheme Creditor Form and every obligation of the Blocked Scheme Creditor under this Blocked Scheme Creditor Form shall, to the best of its knowledge and the extent permitted by law, be binding upon the successors and assigns of the Blocked Scheme Creditor (in the case of a corporation or institution) or the successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the Blocked Scheme Creditor (in the case of a natural person) and shall not be affected by, and shall survive, the insolvency, bankruptcy, dissolution, death or incapacity (as the case may be) of the Blocked Scheme Creditor and that all of the information in this Blocked Scheme Creditor Form is complete and accurate.

☐    Yes
☐    No

2.    That, in relation to the Blocked Scheme Creditor's holding in the Existing Notes identified in this form, the Blocked Scheme Creditor has authority to give the voting instructions set out in this form and, if applicable, to nominate the person named in <u>this form</u> to attend and vote at the Scheme Meeting.

☐    Yes
☐    No

**In order for a Blocked Scheme Creditor to be eligible to vote (either in person or by proxy), a Blocked Scheme Creditor must respond "yes" in respect of <u>paragraph 2</u> above.**

<u>**Section 2**</u>      **Voting Instructions relating to the Scheme and Appointment of Proxy**

The Blocked Scheme Creditor, if admitted by the Company to vote at the Scheme Meeting, wishes to vote (or to instruct its proxy to vote) as follows (please select **only one**):

☐**FOR** the Scheme; or

☐**AGAINST** the Scheme; or

☐**ABSTAIN** from voting on the Scheme.

The Blocked Scheme Creditor, if admitted by the Company to vote at the Scheme Meeting, wishes (please select **only one box**):

☐   to appoint the Chairperson as its proxy to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above; or

☐   to appoint the proxy (other than the Chairperson) identified below to attend and vote on the Scheme on its behalf at the Scheme Meeting in accordance with the instruction set forth above:

Name:

_____

Passport country and number:

_____

☐   to attend and vote on the Scheme at the Scheme Meeting in person or by the below duly authorised representative, if a corporation, in such manner as the Blocked Scheme Creditor thinks fit.

Name:

_____

Passport country and number:

_____

**IMPORTANT NOTES:**

1.      Unless a Blocked Scheme Creditor admitted by GLAS to attend the Scheme Meeting is an

individual attending in person or a corporation attending by a duly authorised representative, it must appoint a proxy to vote on its behalf at the Scheme Meeting. It is recommended that the Chairperson is appointed as the proxy, as there would in such circumstances be no need for any additional documents or identification to be taken to the Scheme Meeting by or on behalf of the Scheme Creditor.

2.      Any Blocked Scheme Creditor or its proxy admitted by GLAS to attend the Scheme Meeting in person must produce to the Company a duplicate copy of the Blocked Scheme Creditor Form that was executed and emailed to GLAS, together with evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board resolutions) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification) by no later than one hour before the scheduled time of the Scheme Meeting. If appropriate personal identification or evidence of authority is not produced, that person shall only be permitted to attend and vote at the Scheme Meeting at the discretion of the Chairperson.

3.      For the avoidance of doubt, in order to vote, the Blocked Scheme Creditor Form should be completed and submitted to GLAS by email **by the Record Time**.

## PART 3

### NOMINATIONS RELATING TO SELECTION CONSIDERATION

**This Part must be completed by a Blocked Scheme Creditor to provide its selection of the Selection Consideration as part of its Restructuring Consideration to be received from the Holding Period Trust or the Successor Escrow, subject to when sanctions are lifted.**

**A Blocked Scheme Creditor may re-complete and re-submit this Part 3 to GLAS after the Scheme Meeting and prior to the Selection Consideration Nomination Deadline if it wishes to amend its prior selection of the Selection Consideration as part of its Restructuring Consideration.**

**<u>Section 1</u>      Blocked Scheme Creditor Confirmations**

The Blocked Scheme Creditor named below for itself hereby confirms to GLAS as follows (select "yes" or "no" as appropriate):

1.      That, in relation to the Existing Notes identified in Section 2 (*Details of Holdings*) of Part 1 (*Blocked Scheme Creditor Details*) of this Blocked Scheme Creditor Form, the Blocked Scheme Creditor has authority to give the nominations set out in this part of this Voting Form.

☐Yes

☐No

**In order for a Blocked Scheme Creditor's nominations within this Part to be accepted, a Blocked Scheme Creditor must respond "yes" in respect of paragraph 1 above.**

**Section 2**      **Selections**

The Blocked Scheme Creditor nominates to receive a combination of the Selection Consideration[1] as part of its Restructuring Consideration, in respect of [•] of the outstanding principal amount of the Existing Notes held by such Blocked Scheme Creditor. Please provide an indication below of your selection of the Mandatory Convertible Bonds and the 1516 Shares below. The Convertible Bond amount listed (9.78%) is an estimate based on the total percentage of Scheme Creditors' claims. The amount of New Notes that each Scheme Creditor will receive is based on the remainder following the selection of Mandatory Convertible Bonds and the 1516 Shares, in addition to the Convertible Bonds:

| Convertible Bonds (1) | Mandatory Convertible Bonds | 1516 Shares | New Notes[2] | Total |
|---|---|---|---|---|
| 9.78% | [•]% | [•]% | [•]% | 100% |

*1) Based on the information provided as at the date of the Explanatory Statement, the Scheme Creditors' claims as of the Interest Commencement Date (excluding) are expected to be totalling c. USD 10,227m, meaning that the USD 1bn. of CB to be issued under the Scheme is equivalent to 9.78% of the Scheme Creditors' Claim. Given that the actual interest rate may deviate from the estimate, the 9.78% figure is illustrative and may change.*

For the avoidance of doubt, and irrespective of the non-binding indications of the Restructuring Consideration that the Scheme Creditor may have provided in their Accession Letter, in order for the above nominations to be accepted by the Company, the Blocked Scheme Creditor Form should be completed and submitted to and received by GLAS **by the Record Time**. Once the Scheme Meeting has taken place, if a Blocked Scheme Creditor wishes to change either of their nominations made within this Section 2 (*Selections*), of the Blocked Scheme Creditor Form should be recompleted and resubmitted to and received by GLAS by the Selection Consideration Nomination Deadline.

**Please note if the Scheme is sanctioned and becomes effective, its terms will be binding on all Scheme Creditors, including the Blocked Scheme Creditors, whether or not they have completed this form.**

Signature:

_____

Name of signatory:

_____

Title:

_____

Date:

_____

---

[1] The sum of the percentages indicated for Convertible Bonds, Mandatory Convertible Bonds, 1516 Shares, and New Notes must equal 100%.

[2] These percentages to be calculated by the person filling in this Blocked Scheme Creditor Form.

## ANNEXURE 5

**Proposed advertisement of the Notice of Scheme Meeting in newspapers**

HCMP 382 / 2023

THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 382 OF 2023

———————————

IN THE MATTER OF

SUNAC CHINA HOLDINGS LIMITED

融創中國控股有限公司

and

IN THE MATTER OF

SECTIONS 670, 673 AND 674 OF THE COMPANIES ORDINANCE
(CAP. 622 OF THE LAWS OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION)

———————————

NOTICE OF SCHEME MEETING

———————————

Unless otherwise specified, terms used in this Notice have the same meanings as in the explanatory
statement (the "**Explanatory Statement**") and the scheme relating to the proposed scheme of
arrangement between Sunac China Holdings Limited (the "**Company**") and the Scheme Creditors (as
defined therein) under sections 670, 673 and 674 of the Companies Ordinance (Cap. 622) of Hong Kong
(the "**Scheme**"). A copy of the Scheme is incorporated in the Explanatory Statement of which this
Notice forms a part.

**NOTICE IS HEREBY GIVEN** that, by an Order dated 26 July 2023 (the "**Convening Order**") made
by the High Court of Hong Kong (the "**Hong Kong Court**"), the Hong Kong Court has directed that a
meeting (the "**Scheme Meeting**") be convened of the Scheme Creditors of the Company for the purpose
of considering and, if thought fit, approving (with or without modification or condition approved and
imposed by the Hong Kong Court) the Scheme.

The Scheme Meeting will be held at Sidley Austin at 39/F, Two International Finance Centre, 8 Finance
Street, Central, Hong Kong, starting at 11:00 a.m. Hong Kong time on 18 September 2023 with any

adjournment as may be appropriate. Scheme Creditors will be able to attend the Scheme Meeting and vote in person or by an authorized representative (if a corporation) or by proxy. Scheme Creditors will also be able to attend the Scheme Meeting by video conference using conferencing details and passcode that can be obtained on request from the Information Agent (if you are a Scheme Creditor who is not a Sanctions-Affected Scheme Creditor) or GLAS Trustees Limited ("**GLAS**") (if you are a Blocked Scheme Creditor). Conferencing details and passcode will be provided at least 2 business days before the day appointed for the Scheme Meeting. The Chairperson may require Scheme Creditors attending the Scheme Meeting by video conference to turn on their cameras for the duration of the meetings. Telephone conference facilities will also be made available to Scheme Creditors upon request from the Information Agent (if you are not a Sanctions-Affected Scheme Creditor) or GLAS (if you are a Blocked Scheme Creditor), allowing such Scheme Creditors to listen to the Scheme Meeting and to ask questions (but not cast their vote).

In order to attend the Scheme Meeting and vote on the Scheme (in person, by duly authorized representative, if a corporation, or by proxy), a Scheme Creditor must ensure that its Account Holder Letter or Lender Proxy Form is validly completed in accordance with the instructions set out in the Account Holder Letter or Lender Proxy Form and the Explanatory Statement, and submitted to the Information Agent via the AHL Portal by no later than 11:00 p.m. Hong Kong time, on 13 September 2023. If you are a Blocked Scheme Creditor, please refer to the Explanatory Statement for the arrangements that apply to you in order to participate and vote in the Scheme Meeting.

Each Scheme Creditor or its proxy intending to vote in person at the Scheme Meeting will be required to register its attendance at the Scheme Meeting no later than 60 minutes prior to the scheduled start time of the Scheme Meeting.

Copies of the Scheme, the Explanatory Statement, Account Holder Letter, Lender Proxy Form, Blocked Scheme Creditor Forms and certain Restructuring Documents are available for download from the Scheme Website.

Pursuant to the Convening Order, the Hong Kong Court appointed Mr. Wan Hiu Yeung (also known as Jacky Wan), or failing him, Mr. Jong Yat Kit (also known as Victor Jong), both of PricewaterhouseCoopers Limited, to act as the Chairperson of the Scheme Meeting and directed the Chairperson in his/her capacity as such to report the results of the Scheme Meeting to the Hong Kong Court. The results of the Scheme Meeting will also be made available on the Scheme Website.

The Scheme will be subject to the subsequent approval and sanction of the Hong Kong Court, and the satisfaction or waiver (as applicable) of the conditions as set out in section 6.13(b) of the Explanatory Statement.

**Contact details of the Information Agent and GLAS:**

Morrow Sodali Limited

| | | |
|---|---|---|
| E-mail | : | sunac@investor.morrowsodali.com |
| Tel. | : | +44 20 4513 6917; +852 2319 4126 |
| UK Address | : | 103 Wigmore Street |
| | | W1U 1QS, London, UK |
| HK Address | : | 29/F, The Executive Centre, No. 28 Stanley Street, Central, Hong Kong |
| Attention | : | Debt Services Team |

GLAS Trustees Limited

| | | |
|---|---|---|
| E-mail | : | dcm@glas.agency |
| Tel. | : | +44 (0)20 3597 2940 |
| UK Address | : | 55 Ludgate Hill, Level 1 West, London EC4M 7JW, United Kingdom |
| Attention | : | Debt Capital Markets (Project CZ) |

**Hyperlinks to the Scheme Website and the AHL Portal:**

| | | |
|---|---|---|
| Scheme Website | : | https://projects.morrowsodali.com/Sunac |
| AHL Portal | : | https://portal.morrowsodali.com/sunacAHL |

Date this [*] day of [*] 2023

*Mr. Wan Hiu Yeung (also known as Jacky Wan)*
Chairperson of the Scheme Meeting

HCMP 382 / 2023

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 382 OF 2023

IN THE MATTER OF SUNAC CHINA
HOLDINGS LIMITED 融創中國控股有限
公司

and

IN THE MATTER OF SECTION 670 OF
THE COMPANIES ORDINANCE (CAP.
622)

and

IN THE MATTER OF ORDER 102 RULE 2
OF THE RULES OF HIGH COURT (CAP.
4A)

---

**ORDER**

---

Filed this 2nd day of August 2023

**SIDLEY AUSTIN**
Solicitors for the Company
Level 39, Two International Finance Centre
8 Finance Street, Central
Hong Kong
Tel: 2509 7888
Fax: 2509 3110
Ref: DA/ST/DW/EL/056867-10540

## **Exhibit B**

**Board Resolutions**

**SUNAC CHINA HOLDINGS LIMITED**
**融創中國控股有限公司**
(the **"Company"**)
（"**本公司**"）
(*incorporated in the Cayman Islands with limited liability*)
*(成立于开曼群岛的有限责任公司)*

**MINUTES OF A MEETING OF THE BOARD OF DIRECTORS OF THE COMPANY HELD AT CONFERENCE ROOM 1，SUITES 506-508, ONE INTERNATIONAL FINANCE CENTRE, 1 HARBOUR VIEW STREET, CENTRAL, HONG KONG ON 12 MARCH 2023 AT 5:30 p.m. (THE "MEETING")**
**2023年3月12日下午5点30分在香港中环港景街1号国际金融中心一期506-508室1号会议室召开的本公司董事会（"会议"）会议纪要**

---

Capitalised terms used but not otherwise defined in these minutes shall bear the same meanings as ascribed to them in the RSA (as defined below).
会议纪要使用的未定义的所有大写字母开头的术语，应与重组支持协议（定义如下）具有相同的含义。

PRESENT:

> **Executive Director**：Mr. Sun Hongbin, Mr. Wang Mengde, Mr. Jing Hong, Mr. Tian Qiang, Mr. Huang Shuping, Mr. Sun Kevin Zheyi, Mr. Chi Xun, Mr. Shang Yu
> **Independent Non-executive Director**：Mr. Poon Chiu Kwok, Mr. Zhu Jia, Mr. Ma Lishan, Mr. Yuan Zhigang
> **Management of Company**：Mr. Gao Xi
> **External Financial Advisor: Houlihan Lokey**  Ms. YAN Danmin
> **External Legal Advisor: Sidley Austin** Mr. Christopher Cheng

出席人：

> **执行董事**：孙宏斌先生、汪孟德先生、荆宏先生、田强先生、黄书平先生、孙喆一先生、迟迅先生、商羽先生
> **独立非执行董事**：潘昭国先生、竺稼先生、马立山先生、袁志刚先生
> **公司管理层**：高曦先生
> **外部财务顾问**：**华利安** 严旦旻女士
> **外部法律顾问**：**盛德律所** 郑钟汉先生

1    **CHAIRMAN OF THE MEETING**
     **会议主席**

     **IT WAS RESOLVED** that Mr. WANG Mengde be appointed chairman of the Meeting ("**Chairman**").
     决议任命汪孟德先生为会议主席（"**主席**"）。

2    **NOTICE OF THE MEETING AND QUORUM**
     **会议通告和法定人数**

2.1   **IT WAS NOTED** that notice of the Meeting had been given to all of the directors of the Company

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

(each a "**Director**" and collectively the "**Directors**" or the "**Board**") and that a quorum of the Directors was present, in accordance with the Company's memorandum and articles of association ("**Articles**"). Accordingly, the Chairman declared the meeting duly constituted and open.
**特此指出**会议通知已发予本公司全体董事（每位"**董事**"，统称为"**董事**"或"**董事会**"），董事出席会议的法定人数符合本公司组织大纲和章程（"**章程**"）的规定。主席宣布会议正式召开。

**3          DECLARATIONS OF INTEREST**
**利益声明**

3.1    **IT WAS NOTED** that each Director had confirmed that he had disclosed his interest (if any) in the Restructuring, the RSA (as defined below), the AHG Work Fee Letter (as defined below) and/or the Restructuring Documents, as required by the Articles or under any law applicable to the Company.
**特此指出**每位董事已确认其已根据章程或任何适用于本公司之法律要求披露了其在重组、重组支持协议（定义见下文）、债权人小组费用函（定义见下文）及/或重组文件中的利益（如有）。

3.2    Mr. Sun Hongbin informed the Board that he has an interest in the Restructuring, by reason of his having a shareholder's loan that will be converted as part of the Restructuring. It was agreed that he will abstain from voting and will not be counted towards the quorum at the Meeting.
孙宏斌先生告知董事会其于重组中有利益关系，因其有一笔股东贷款将作为重组的一部分并将进行转换。会议同意其将放弃投票，亦不会被计入会议的法定人数之内。

3.3    None of the other Directors disclosed holding any such interest and, therefore, none of them was prohibited from being counted in the quorum and from voting in accordance with the Articles and the applicable laws.
其他董事均未持有任何此类利益，因此，根据章程细则和适用法律，他们均未被禁止计入法定人数及投票。

**4          PURPOSE AND BACKGROUND**
**目的和背景**

4.1    **IT WAS NOTED** that the purpose of the Meeting was to:
**特此指出**本会议之目的如下：

(a)    receive an update on the financial position of the Company and negotiations with stakeholders with respect to the Restructuring; and
了解本公司最新财务状况以及与利益相关方就重组进行谈判的最新状况；及

(b)    authorise and approve: (i) the terms of the Restructuring as set out in the Term Sheet and entry into the restructuring support agreement between the Company, the Original Company Parties and the Initial Consenting Creditors, which appends the Term Sheet outlining the principal terms and conditions of the Restructuring (the "**RSA**"); (ii) entry into the ad-hoc group work fee letter between the Company and the Ad Hoc Group ("**AHG Work Fee Letter**"); (iii) the issuance or performance of any and all actions in each case in connection therewith and/or resulting therefrom, and (iv) the execution, on behalf of the Company (if necessary), of any and all documents for the purpose of implementing the Restructuring as envisaged by the Term Sheet.

授权和批准：（ⅰ）载于条款细则的重组条款及签订本公司、原公司方与初始同意债权人之间的重组支持协议（附有概述重组主要条款的条款细则）（"**重组支持协议**"）；（ⅱ）签订本公司与债权人小组之间的债权人小组费用函（"**债权人小组费用函**"）；（ⅲ）开展或执行与此相关情况及/或由此产生的任何和所有行动，及（ⅳ）为按照条款细则的设想实施重组而代表本公司（如需要）签署的任何和所有文件。

4.2    **IT WAS FURTHER NOTED** that:
**特此进一步指出**：

(a)    The Company is the ultimate holding company of a group of companies comprising the Company and its subsidiaries (the "**Group**").
本公司是由本公司及其附属公司组成的公司集团（"**本集团**"）的最终控股公司。

(b)    Due to the adverse impact of a number of factors including the macroeconomic environment, the real estate industry environment and the COVID-19 pandemic, the Group has experienced periodic liquidity issues, which has led to the Company being unable to pay certain interest and principal payments on the Existing Debt on time.
由于包括宏观经济环境、房地产行业环境及新冠肺炎疫情等诸多因素的不利影响，本集团出现了阶段性的流动性问题，导致本公司无法按时支付现有债务的若干利息及本金。

(c)    The Group has therefore been actively working with its legal advisors and financial advisor to assess its current financial and operational conditions with a view to formulating a restructuring plan that respects the rights of all stakeholders. This has included consideration of the proposed Restructuring of the Existing Debt.
因此，本集团一直积极与其法律顾问及财务顾问评估当前的财务和经营状况，以期制定尊重所有利益相关方的重组计划。该计划包括考虑对现有债务进行建议重组。

(d)    The Company has issued 13 series' of New York law-governed senior notes (one such series being a series of private notes) for an aggregate principal amount of US$7,929 million and other offshore instruments, including English law-governed swap instruments and Hong Kong law-governed facilities, for an aggregate principal amount of US$1,119 million.
本公司发行了13笔由纽约法律管辖的本金总额合计约为79.29亿美元的优先票据（其中一笔为私募票据），及本金总额合计约为11.19亿美元的其它境外债务（包括由英国法律管辖的互换协议及香港法律管辖的债务）。

(e)    Following such considerations, and together with discussions with its principal stakeholders and assessment of the financial and cash position of the Group, the Company intends to implement a restructuring of the indebtedness of the Company and its Subsidiary Guarantors (as defined below) in respect of the Existing Debt by way of one or more schemes of arrangement, materially on the terms set out in the Term Sheet (set out at Schedule 6 of the RSA) .
经考虑上述因素，及与主要利益相关方的讨论、本集团财务和现金状况的评估情况，本公司拟通过一项或多项安排计划对本公司及其附属公司担保人（定义见下文）的现有债务实施重组，主要条款载列于条款细则（见重组支持协议附表6）中。

5        **CONSIDERATION OF DOCUMENTS**

提呈文件

The following documents have been presented to and reviewed by all the Directors:
以下文件已向所有董事提呈并由所有董事审阅：

5.1    the latest draft RSA;
重组支持协议的最新稿；

5.2    the latest draft AHG Work Fee Letter; and
债权人小组费用函的最新稿；

5.3    the latest draft announcement to be released by the Company upon the signing of the RSA (the
"**Announcement**").
本公司将于签署有关重组支持协议时刊发的公告（"**公告**"）最新草稿。

**6      THE RESTRUCTURING**
**重组**

6.1    **IT WAS NOTED** that the proposed Restructuring of the Existing Debt will involve, among
other things, the following transactions (and any ancillary or related transactions):
**特此指出**，现有债务的建议重组将涉及以下交易（以及任何附属或相关交易）：

(a)    the Scheme Creditors' Claims include the sum of the outstanding principal amount of the
Existing Debt held by the Scheme Creditors at the Record Time, accrued and unpaid
interest and default interest (as applicable). The Scheme Creditors' Claims and related
claims of the Scheme Creditors under the Existing Debt against (among others) the
Company, any and all of its subsidiaries including its subsidiary guarantors guaranteeing
the Existing Notes ("**Subsidiary Guarantors**") and the share charges on the shares of the
Subsidiary Guarantors, will be fully released;
计划债权人的债权包括计划债权人在记录日期持有的现有债务的未偿还本金总额以
及应计未付利息和违约利息（如适用）。完全解除计划债权人的债权及其在现有债
权下对（除其它外）本公司及其附属公司包括为现有债务提供担保的附属公司担保
人（"**附属公司担保人**"）的相关权利以及附属公司担保人股份的质押；

(b)    in consideration for the matters set out in (a), each Scheme Creditor will receive:
考虑到（a）所列之各项，每名计划债权人将收取：

(i)    convertible bonds ("**Convertible Bonds**") in an aggregate principal amount of
US$1.0 billion, which shall be allocated to all Scheme Creditors on a pro rata basis;
本金总额为 10 亿美元的可转换债券（"**可转换债券**"），将按比例分配给所
有计划债权人；

(ii)   mandatory convertible bonds ("**Mandatory Convertible Bonds**") at the selection
of Scheme Creditors, subject to a cap of US$1.75 billion, provided that the
Company may in its sole discretion increase such cap to the extent the aggregate
amount of Mandatory Convertible Bonds selected by the Scheme Creditors exceeds
such cap;
计划债权人可选择的强制可转换债券（"**强制可转换债券**"），规模限额为
17.5 亿美元，在计划债权人选择的强制可转换债券总额超过该限额的情况下，

本公司可全权酌情决定提高限额；

(iii)    ordinary shares of Sunac Services Holdings Limited listed on the SEHK (the "**1516 Shares**") currently held by Sunac Services Investment Limited, at the selection of the Scheme Creditors, subject to a cap of 449,356,068 1516 Shares representing approximately 14.7% of the total issued 1516 Shares as of the date of the Term Sheet, which shall be exchanged from Existing Debt at an exchange price equal to the higher of (i) 2.5 times the volume-weighted average price of 1516 Shares for the 60 trading days immediately preceding the Record Time and (ii) HK$17 per 1516 Share; and

计划债权人可选择交换为融创服务投资有限公司目前持有的在联交所上市的融创服务控股有限公司的普通股（"**1516股份**"），规模上限为449,356,068股1516股份，占截至条款细则日期已发行1516股份总数的约14.7%，交换价格以下述较高者为准：（i）紧接记录日期前60个交易日中1516股份成交量加权平均价的2.5倍及（ii）每股1516股份17港元；及

(iv)    new notes in an aggregate principal amount that equals Scheme Creditors' Claims minus the aggregate principal amount of Convertible Bonds, the aggregate principal amount of Mandatory Convertible Bonds (if any) and the amount of Existing Debt exchanged into 1516 Shares (if any), which shall comprise the following tranches in sequence:

新票据，其本金总额等于计划债权人的债权金额减去可转换债券的本金总额、强制可转换债券的本金总额（如有）和交换为1516股份的现有债务金额（如有），由下述各系列组成：

    (1)  Tranche A in an aggregate principal amount of US$500 million;
A系列，本金总额为5亿美元；

    (2)  Tranche B in an aggregate principal amount of US$500 million;
B系列，本金总额为5亿美元；

    (3)  Tranche C in an aggregate principal amount of US$1,000 million;
C系列，本金总额为10亿美元；

    (4)  Tranche D in an aggregate principal amount of US$1,500 million;
D系列，本金总额为15亿美元；

    (5)  Tranche E in an aggregate principal amount of US$1,500 million;
E系列，本金总额为15亿美元；

    (6)  Tranche F in an aggregate principal amount of US$1,000 million;
F系列，本金总额为10亿美元；

    (7)  Tranche G in an aggregate principal amount (x) equal to the remaining Scheme Creditors' Claims of the participating Scheme Creditors, if such remaining Scheme Creditors' Claims are not more than US$1,000 million, or (y) of US$1,000 million, if the remaining Scheme Creditors' Claims are more than US$1,000 million; and
G系列，本金总额 (x)等于如果该剩余计划债权人的债权不超过10亿美元，则为参与计划债权人的剩余债权，或 (y)如果剩余的计划债权人的债权超过10亿美元，则为10亿美元；和

    (8)  Tranche H (if any) in an aggregate principal amount of any remaining Scheme Creditors' Claims.
H系列（如有），任何剩余计划债权人的债权本金总额。

As set out in the Term Sheet, the New Notes and the Mandatory Convertible Bonds will be guaranteed by the same Subsidiary Guarantors and the shares of the Subsidiary Guarantors will be charged to the relevant creditors;

如条款细则所载，新票据及强制可转换债券将由相同的附属公司担保人提供担保，附属公司担保人的股份将质押予相关债权人；

(c)     Those Consenting Creditors who, among other conditions set out in the RSA: (i) vote the entire aggregate amount of the Existing Debt held by them at the Record Time in favour of the Scheme at the Scheme Meeting (whether in person or by proxy); (ii) do not exercise their rights to terminate the RSA and do not breach the provisions of the RSA in any material respect, and (iii) hold or acquire the relevant Eligible Restricted Debt by the deadline set out at paragraph 6.1(d) below, will receive the Consent Fee;

除重组支持协议规定的其它条件外，同意债权人如(i)在计划会议上（无论是亲自或委派代表）就其于记录日期持有的全部现有债务的总额投票赞成计划; (ii) 并未行使终止重组支持协议的权利，且并未在任何重大方面违反重组支持协议的条款，及 (iii) 在下文第 6.1(d) 段规定的截止日期前持有或已获得相关的合格受限债务，将获得同意费；

(d)     The Consent Fee will be paid if the Consenting Creditor holds Eligible Restricted Debt by the Consent Fee Deadline, as defined in the RSA, and (i) still holds all or part of such Eligible Restricted Debt at the Record Time and (ii) has complied with the applicable terms of the RSA. The Consent Fee will also be paid to any valid transferee of Existing Debt in accordance with the terms of the RSA that holds Existing Debt at the Record Time. The Consent Fee Deadline may be extended in accordance with the terms of the RSA;

同意费于以下情况将被支付：同意债权人在同意费截止日期（定义见重组支持协议）前持有合格受限债务，且 (i) 在记录日期仍持有全部或者部分此类合格受限债务，及 (ii) 已遵守重组支持协议的适用条款。同意费也将支付给在记录日期根据重组支持协议条款持有现有债务的任何有效受让人。同意费截止日期可根据重组支持协议的条款延长；

(e)     The Company will pay or procure the payment of the AHG Work Fee in accordance with the terms agreed between the Company and the Ad Hoc Group as set out in the AHG Work Fee Letter, and will pay or procure the payment of the AHG Advisor Fees as set out in the AHG Advisor Fee Letters (which, together with the Consent Fee, the AHG Work Fee, the AHG Advisor Fees and other fees or expenses incurred by the AHG shall be no more than US$30 million); and

本公司将根据本公司与债权人小组之间约定的债权人小组费用函中列明的条款支付或促使支付债权人小组工作费，并将根据债权人小组顾问的收费函支付或促使支付债权人小组顾问费（同意费、债权人小组工作费、债权人小组顾问费及债权人小组发生的其他费用合计不超过3000万美元）；及

(f)     The above steps will be implemented via the Scheme.

上述步骤将通过计划实施。

6.2     **IT WAS FURTHER NOTED** that pursuant and subject to the terms of the RSA, each Consenting Creditor irrevocably undertakes in favour of the Company that it will, among other things:

**特此进一步指出**，根据重组支持协议条款的规定，各同意债权人不可撤销地向公司承诺，除其它事项外，其将：

(a)     vote in favour of the Scheme in respect of the aggregate outstanding principal amount of all Existing Debt in which it holds a beneficial interest as principal at the Record Time at the Scheme Meeting;
在计划会议上就其持有实益权益的所有现有债务的未偿还本金总额（于记录日期）投票赞成计划；

(b)     not take, commence or continue any enforcement action that may interfere with the implementation of the Restructuring and/or the Scheme, or the consummation of the Restructuring contemplated thereby (unless such enforcement action is approved by the Company in accordance with the terms of the RSA); and
不采取、开展或继续任何可能干扰重组及/或计划的实施，或可能干扰重组完成的强制措施（除非本公司根据重组支持协议条款批准该强制措施）；及

(c)     support any actions taken by the Company and any Subsidiary Guarantors under the Existing Debt to obtain recognition or protection of the Restructuring in any relevant court of any competent jurisdiction (including any petition for recognition of the Scheme under Chapter 15 of Title 11 of the United States Code or similar recognition, moratorium or protection proceedings in Hong Kong, the United States, or elsewhere) and take all other commercially reasonable actions requested by the Company to implement or protect the Restructuring.
支持本公司及任何附属公司担保人根据现有债务在任何有管辖权的相关法院获得对重组的承认或保护而采取的任何行动（包括根据美国法典第 11 卷第 15 章要求承认计划的任何申请或在香港、美国或其他地方的类似承认、延期或保护程序），并采取本公司为实施或保护重组而要求的所有其他商业上合理的行动。

## 7     RESOLUTIONS
决议

7.1     After due and careful consideration, **IT WAS UNANIMOUSLY RESOLVED** that:
经过慎重考虑后，**一致决定**：

(a)     the Restructuring and the entry into the RSA and any associated transactions and documents are in the best interests of the Company and all relevant stakeholders, including its holders of securities, as a whole;
重组以及签署重组支持协议及任何相关的交易和文件符合本公司以及利益相关方的最佳利益及本公司证券持有人的整体利益；

(b)     the (i) Restructuring and the entry into the RSA, (ii) the entry into the AHG Work Fee Letter; (iii) issuance or performance of any and all actions in connection therewith and resulting therefrom, and (iv) execution, on behalf of the Company, of any and all documents for the purpose of implementing the Restructuring as envisaged by the Term Sheet, be, and are hereby, approved;
批准 (i)重组及签署重组支持协议，(ii) 签署债权人小组费用函；(iii)开展或实施与此相关并由此产生的任何及所有行动，及 (iv) 为按照条款细则的设想实施重组而代表本公司签署的任何和所有文件；

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

(c)    the form and terms and conditions of the RSA (including the Term Sheet) and the AHG Work Fee Letter be approved and confirmed in all respects;

批准、确认重组支持协议（包括条款细则）及债权人小组费用函所有方面的形式、条款及条件；

(d)    the Announcement be and is hereby approved and any Authorised Signatory (as defined below) be and is hereby authorised to make such amendment thereto as he deems appropriate or necessary and arrange for the release of the Announcement in compliance with the Listing Rules and the applicable laws.

批准公告，并且授权任何授权代表（定义见下文）在其认为适当或必要时对公告进行修改，并根据上市规则以及适用的法律安排刊发公告。

(e)    any one of the Directors and Mr. Gao Xi, the chief financial officer, Vice President and Secretary of the Company, (individually, an "Authorised Signatory" and collectively, the "Authorised Signatories") be, and is hereby authorised, in the name and for the account of the Company, to:

授权任何一名董事及本公司首席财务官、副总裁兼公司秘书高曦先生（各自为"**授权代表**"，合称"**授权代表**"）以本公司名义并代表本公司：

(i)    sign the RSA and the AHG Work Fee Letter and execute, sign, deliver and dispatch where appropriate the Restructuring Documents and Ancillary Documents (as defined below) on behalf of the Company in the respective forms produced to the Directors or with any amendments thereto (including any amendments to the payment terms contemplated thereby) as any Authorised Signatory signing such document may approve in their discretion (as evidenced by such Authorised Signatory's actions or signature on such document) and acting in accordance with the Articles.  Where any Restructuring Documents or Ancillary Documents are required to be executed by the Company as a deed, such documents may be executed by the signature of any Authorised Signatory acting on behalf of the Company and, where required to be sealed, such documents may be sealed by affixing thereto the seal of the Company signed autographically by any Authorised Signatory, and the Board hereby appoints any Authorised Signatory to do so in accordance with article 130(1) of the Articles;

代表本公司签署重组支持协议及债权人小组费用函以及在适当情况下执行、签署、交付和发送重组文件及附属文件（定义见下文），该等文件按照向董事提呈的相应格式或包含签署该文件的任何授权代表根据章程酌情批准（由该授权代表的行为或在该等文件上的签名证明）进行的任何修订（包括对拟定付款条款的任何修订）。如果任何重组文件或附属文件需要由本公司作为契据签署，应由代表本公司行事的任何授权代表签署；如果需要盖章，文件可通过任何授权代表亲笔签名及以公司印章来盖章，董事会则根据章程第 130(1) 条特此任命任何授权代表来签字及盖章；

(ii)    if appropriate, continue to negotiate with the Company's stakeholders to progress the Restructuring;

在适当的情况下，继续与本公司的利益相关方协商以推进重组；

(iii)    represent the Company in negotiating, drafting and amending or otherwise

completing where appropriate the Restructuring Documents and any Ancillary Documents as he may in his discretion may deem appropriate;

在适当情况下，代表本公司谈判、起草及修改或以其他方式完成重组文件及授权代表酌情认为合适的任何附属文件；及

(iv)  represent the Company in negotiating, drafting and amending or otherwise completing or filing (or causing to be filed) where appropriate the court documents necessary to implement the sanctioning of the Scheme by the applicable court including a court petition seeking sanction of the Scheme and to provide affidavits and other evidence in support of the Scheme for the applicable court; and

在适当情况下，代表本公司谈判、起草及修改或以其它方式完成或提交（或促使提交）适用法院批准计划所必需的法院文件（包括向法院提交请求批准计划的申请书），并向适用法院提供支持计划的誓章及其他证据；

(f)  the Restructuring Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered;

在签署及交付时，重组文件对本公司是有效的、决定性的、具有约束力和可强制执行的；

(g)  in connection with or to carry out the actions contemplated by the foregoing resolutions, any Authorised Signatory be, and hereby is, authorised in the name and on behalf of the Company to do such further acts and things as he shall deem necessary or appropriate, including, without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any court, governmental authority or agency, all such agreements, documents, instruments, affidavits, affirmations and certificates (including those required in connection with any legal opinion to be given in relation to the issuance of the New Notes and all necessary actions to perfect any security created or to be created, under the Restructuring Documents), consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers (together the "**Ancillary Documents**") and to pay, or cause to be paid, all such payments, as he may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

在与上述决议所述的相关行动或执行上述决议所规定的行动时，任何授权代表均被授权以本公司名义并代表本公司采取其认为必要或适当的进一步行动和事项，包括但不限于以本公司的名义并代表本公司采取和执行（或促使采取和执行）所有此类行动，向任何人士（包括法院、政府机构或代理人等）签署、制定、执行、交付、发布或存档（或促使签署、制定、执行、交付、发布或存档）所有（包括根据重组文件的要求，与发行新票据有关的任何法律意见书以及为完善设立或将设立的任何担保所需的所有必要行动相关的文件）协议、文件、文书、宣誓书、声明和证书、同意函或豁免函以及对任何此类协议、文件、文书、证书、同意函或豁免函的所有修订（合称"**附属文件**"），支付或促使支付其认为必要或合理的所有此类款项，以实现上述决议的目的，任何此类行为和

事项的执行权限，以及上述各项的签署、制定、执行、交付、发布和存档，将由此作为最终证据证明；

(h)     that the Ancillary Documents be in such form as any Authorised Signatory  acting in accordance with the Articles in his or her absolute discretion and opinion approve, the signature of any Authorised Signatory being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;

授权代表可根据章程酌情批准附属文件的格式，任何授权代表的签字为其代表本公司批准条款的充分证据；

(i)     any and all actions of the Company, or of any Authorised Signatory or any member of the Company's senior management, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as such action(s) had been presented to for approval, and approved by the Directors, prior to such action being taken.

本公司、任何授权代表或本公司任何高级管理人员在本决议批准前就上述决议所述行动所采取的任何及所有行动，均应在所有方面得到批准、确认、核准和采纳，如同该等行动已获得本公司批准或董事批准，并在所有方面得到充分采纳。

**8      CLOSE OF MEETING**
**会议结束**

There being no further business, the Chairman declared the Meeting closed.
已无其它事务，主席宣布会议结束。

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

_____

Chairman of the Meeting
会议主席

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| *执行董事*<br>*Executive Director* | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| *执行董事*<br>*Executive Director* | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | 汪孟德 |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **执行董事**<br>***Executive Director*** | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| *执行董事*<br>*Executive Director* | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **执行董事**<br>***Executive Director*** | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **执行董事**<br>***Executive Director*** | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **执行董事**<br>***Executive Director*** | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **执行董事**<br>***Executive Director*** | |
| SUN Hongbin<br>孙宏斌 | |
| WANG Mengde<br>汪孟德 | |
| JING Hong<br>荆宏 | |
| TIAN Qiang<br>田强 | |
| HUANG Shuping<br>黄书平 | |
| SUN Kevin Zheyi<br>孙喆一 | |
| CHI Xun<br>迟迅 | |
| SHANG Yu<br>商羽 | |

融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| **独立非执行董事**<br>***Independent non-executive Director*** | |
| POON Chiu Kwok<br>潘昭国 | |
| ZHU Jia<br>竺稼 | |
| MA Lishan<br>马立山 | |
| YUAN Zhigang<br>袁志刚 | |
| **公司管理层**<br>***Management*** | |
| GAO Xi<br>高曦 | |

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| *独立非执行董事*<br>*Independent non-executive Director* | |
| POON Chiu Kwok<br>潘昭国 | |
| ZHU Jia<br>竺稼 | |
| MA Lishan<br>马立山 | |
| YUAN Zhigang<br>袁志刚 | |
| *公司管理层*<br>*Management* | |
| GAO Xi<br>高曦 | |

*融创中国控股有限公司董事会会议纪要–批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>**Name** | 签名<br>**Signature** |
|---|---|
| *独立非执行董事*<br>*Independent non-executive Director* | |
| POON Chiu Kwok<br>潘昭国 | |
| ZHU Jia<br>竺稼 | |
| MA Lishan<br>马立山 | |
| YUAN Zhigang<br>袁志刚 | *(signature)* |
| *公司管理层*<br>*Management* | |
| GAO Xi<br>高曦 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| 独立非执行董事<br>*Independent non-executive Director* | |
| POON Chiu Kwok<br>潘昭国 | |
| ZHU Jia<br>竺稼 | |
| MA Lishan<br>马立山 | |
| YUAN Zhigang<br>袁志刚 | |
| 公司管理层<br>*Management* | |
| GAO Xi<br>高曦 | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

出席名单
**Attendance Sheet**

| 姓名<br>Name | 签名<br>Signature |
|---|---|
| *华利安*<br>*Houlihan Lokey* | |
| YAN Danmin<br>严旦旻 | |
| | |
| | |
| | |
| | |

出席名单
**Attendance Sheet**

| 姓名<br>**Name** | 签名<br>**Signature** |
|---|---|
| ***盛德律师事务所***<br>***Sidley Austin*** | |
| Christopher Cheng<br>郑钟汉 | |
| | |
| | |
| | |
| | |

*融创中国控股有限公司董事会会议纪要-批准境外债务重组相关事项*

**SUNAC CHINA HOLDINGS LIMITED**
融創中國控股有限公司
(the "**Company**")
（"**本公司**"）

(*incorporated in the Cayman Islands with limited liability*)
*(成立于开曼群岛的有限责任公司)*

---

**WRITTEN RESOLUTIONS OF THE BOARD OF DIRECTORS OF THE COMPANY
PASSED ON 13 JUNE 2023 PURSUANT TO ARTICLE 119 OF THE ARTICLES OF
ASSOCIATION OF THE COMPANY**
**本公司董事会于2023年 6 月13 日根据本公司组织大纲和章程第119条通过的书面决议**

---

Capitalised terms used but not otherwise defined in these minutes shall bear the same meanings as ascribed to them in the minutes of the board of directors of the Company (the "**Board**") dated 12 March 2023.
会议纪要使用的未定义的所有大写字母开头的术语，应与日期为2023年3月12日的本公司董事会（"**董事会**"）会议纪要具有相同的含义。

1    **DECLARATIONS OF INTEREST**
     **利益声明**

1.1    **IT WAS NOTED** that each director of the Company (each a "**Director**" and collectively, the "**Directors**") had confirmed that he had disclosed his interest (if any) in the transactions contemplated under the Documents (as defined below), as required by the Articles of Association of the Company ("the **Articles**") or under any law applicable to the Company. **特此指出**每位董事（每位"**董事**"，统称为"**董事**"）已确认其已根据本公司组织大纲和章程（"**章程**"）或任何适用于本公司之法律要求披露了其在文件（定义见下文）项下的交易中的利益（如有）。

1.2    Mr. Sun Hongbin disclosed that he has an interest in the Controlling Shareholder Bond Documents (as defined below). Mr. Sun Hongbin and Mr. Sun Kevin Zheyi, the son of Mr. Sun Hongbin and an executive Director, will abstain from voting on the resolutions to be considered below.
孙宏斌先生披露其于控股股东债券文件（定义见下文）中有利益关系。孙宏斌先生及孙喆一先生（孙宏斌先生儿子及执行董事）将就以下将考虑的决议放弃投票。

1.3    None of the other Directors disclosed holding any such interest and, therefore, none of them was prohibited from voting in accordance with the Articles and the applicable laws.
其他董事均披露未持有任何此类利益，因此，根据章程细则和适用法律，他们均未被禁止投票。

2    **BACKGROUND AND PURPOSE**
     **背景和目的**

2.1    Reference is made to the minutes of the Board dated [12 March] 2023 in relation to, among others, the restructuring support agreement dated 28 March 2023 entered into by and among the Company, the entities set out in part A of schedule 1 thereto, the initial consenting creditors set out in part B of schedule 1 thereto and Morrow Sodali Limited in its capacity as information agent in connection therewith (the "**RSA**").

兹题述日期为2023年3月12日的董事会纪要，关于（其中包括）日期为2023年3月28日由本公司、附表1之A部分所列之公司、附表1之B部分所列之初始同意债权人及Morrow Sodali Limited 作为信息代理签订的重组支持协议("**重组支持协议**") 。

2.2    **IT WAS NOTED THAT** amendments are proposed to be made to certain terms as set out in the Term Sheet (as defined in the RSA) pursuant to the Amendment Agreement (as defined below).

**特此指出**拟根据修订协议（定义见下文），对条款清单（定义见重组支持协议）中的某些条款进行修订。

2.3    **IT WAS FURTHER NOTED THAT** the purpose of these resolutions was to authorize and approve the RSA (as amended by the Amendment Agreement) and certain other documents for the purpose of implementing the transactions as contemplated by the RSA (as amended by the Amendment Agreement).

**特此进一步指出**本决议之目的为授权和批准重组支持协议（经修订协议修订）及为实施重组支持协议（经修订协议修订）项下的交易而签署的若干其他文件。

3    **CONSIDERATION OF DOCUMENTS**
**提呈文件**

The following documents have been presented to and reviewed by all the Directors:
以下文件已向所有董事提呈并由所有董事审阅：

3.1    the amendment agreement to the RSA (the "**Amendment Agreement**");
重组支持协议的修订协议（"**修订协议**"）；

3.2    the latest draft of a non-binding letter from certain members of the ad hoc group of creditors to the Company in relation to the minimum subscription of the Mandatory Convertible Bonds;
债权人小组的某些成员就强制可转换债券的最低认购向本公司发出的非约束性的信函的最新稿；

3.3    the latest draft of the terms and conditions of the Convertible Bonds;
可转换债券的条款和条件的最新稿；

3.4    the latest draft of the terms and conditions of the Mandatory Convertible Bonds;
强制可转换债券的条款和条件的最新稿；

3.5 the latest draft of the controlling shareholder bond subscription agreement (together with the instrument scheduled to it) (the "**Controlling Shareholder Bond Documents**") in relation to the issue of the bond to Sunac International Investment Holdings Ltd (the "**Controlling Shareholder Bond**");
关于发行债券予Sunac International Investment Holdings Ltd（"**控股股东债券**"）的控股股东债券认购协议（包括其附件的票据文书）（"**控股股东债券文件**"）的最新稿；

3.6 the latest draft announcement of the Company in relation to the Amendment Agreement (the "**Amendment Agreement Announcement**");
本公司关于修订协议的公告（"**修订协议公告**"）的最新草稿；

3.7 the latest draft announcement of the Company in relation to, among others, the issue of the Convertible Bonds, the issue of the Mandatory Convertible Bonds, the disposal of the 1516 Shares and the issue of the Controlling Shareholder Bond (together with the Amendment Agreement Announcement, the "**Announcements**");
本公司关于（其中包括）可转换债券的发行、强制可转换债券的发行、1516股份的出售及控股股东债券的发行的公告（连同修订协议公告，合称"**公告**"）的最新草稿；

3.8 the latest draft of the circular (containing a letter from the Board and a letter from Opus Capital Limited) (the "**Transaction Circular**") and the notice of extraordinary general meeting to be published by the Company (the "**Notice of EGM**");and
本公司将刊发的通函（包括董事会函件、创富融资有限公司函件）（"**交易通函**"）及股东特别大会通知（"**股东特别大会通知**"）的最新草稿。

**4     RESOLUTIONS**
决议

4.1 After due and careful consideration, **IT WAS UNANIMOUSLY RESOLVED** that:
经过慎重考虑后，**一致决定：**

(a) the entry into the Amendment Agreement and any associated transactions and documents in connection with the RSA (as amended by the Amendment Agreement) (collectively, the "**Documents**") are in the best interests of the Company and all relevant stakeholders, including both its holders of securities and its creditors, as a whole;
签署修订协议及任何与重组支持协议（经修订协议修订）相关的交易和文件（合称"**文件**"）整体符合本公司以及利益相关方，包括本公司证券持有人及其债权人，的最佳利益；

(b) the (i) the entry into the Documents; (ii) issuance or performance of any and all actions in connection therewith and resulting therefrom, and (iii) execution, on behalf of the Company, of any and all documents for the purpose of implementing the transactions as contemplated by the Documents, be, and are

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

hereby, approved;

批准 (i)签署文件：(ii)开展或实施与此相关并由此产生的任何及所有行动，及 (iii) 为实施文件项下交易而代表本公司签署的任何和所有文件；

(c)    the form and terms and conditions of the Documents be approved, confirmed and ratified in all respects;

批准、确认及追认文件所有方面的形式、条款及条件；

(d)    the Announcements be and are hereby approved and any Authorised Signatory (as defined below) be and is hereby authorised to make such amendment thereto as he deems appropriate or necessary and arrange for the release of the Announcements in compliance with the Listing Rules and the applicable laws;

批准公告，并且授权任何授权代表（定义见下文）在其认为适当或必要时对公告进行修改，并根据上市规则以及适用的法律安排刊发该等公告；

(e)    the Transaction Circular be and is hereby approved and any Authorised Signatory be and is hereby authorised to make such amendment thereto as he deems appropriate or necessary and arrange for the publication and despatch of the Transaction Circular in compliance with the Listing Rules and the applicable laws;

批准交易通函，并且授权任何授权代表在其认为适当或必要时对交易通函进行修改，并根据上市规则以及适用的法律安排刊发及寄发交易通函；

(f)    the Notice of EGM be and is hereby approved and any Authorised Signatory be and is hereby authorised to make such amendment thereto as he deems appropriate or necessary and arrange for the issue of the Notice of EGM and convene the extraordinary general meeting of the Company in compliance with the Listing Rules and the applicable laws;

批准股东特别大会公告，并且授权任何授权代表在其认为适当或必要时对股东特别大会公告进行修改，并根据上市规则以及适用的法律安排发出股东特别大会公告及召开股东特别大会；

(g)    the appointment of Opus Capital Limited as independent financial adviser to the independent Board committee and the independent shareholders of the Company in relation to the issue of the Controlling Shareholder Bond and the transactions contemplated thereunder be and is hereby approved;

批准就发行控股股东债券及其项下拟进行的交易而委任创富融资有限公司作为独立董事委员会及本公司独立股东的独立财务顾问；

(h)    any one of the Directors and Mr. Gao Xi, the chief financial officer, Vice President and Secretary of the Company, (individually, an "**Authorised Signatory**" and collectively, the "**Authorised Signatories**") be, and is hereby authorised, in the name and for the account of the Company, to:

授权任何一名董事及本公司首席财务官、副总裁兼公司秘书高曦先生（各自为"**授权代表**"，合称"**授权代表**"）以本公司名义并代表本公司：

(i)    sign the Documents and execute, sign, deliver and dispatch where appropriate the Documents and Ancillary Documents (as defined below) on behalf of the Company in the respective forms produced to the Directors or with any amendments thereto (including any amendments to the payment terms contemplated thereby) as any Authorised Signatory signing such document may approve in their discretion (as evidenced by such Authorised Signatory's actions or signature on such document) and acting in accordance with the Articles.  Where any Documents or Ancillary Documents are required to be executed by the Company as a deed, such documents may be executed by the signature of any Authorised Signatory acting on behalf of the Company and, where required to be sealed, such documents may be sealed by affixing thereto the seal of the Company signed autographically by any Authorised Signatory, and the Board hereby appoints any Authorised Signatory to do so in accordance with article 130(1) of the Articles;

代表本公司签署文件以及在适当情况下执行、签署、交付和发送文件及附属文件（定义见下文），该等文件按照向董事提呈的相应格式或包含签署该文件的任何授权代表根据章程酌情批准（由该授权代表的行为或在该等文件上的签名证明）进行的任何修订（包括对拟定付款条款的任何修订）。如果任何文件或附属文件需要由本公司作为契据签署，应由代表本公司行事的任何授权代表签署；如果需要盖章，文件可通过任何授权代表亲笔签名及以公司印章来盖章，董事会则根据章程第 130(1) 条特此任命任何授权代表来签字及盖章；

(ii)    if appropriate, continue to negotiate with the Company's stakeholders to progress the transactions as contemplated under the Documents;

在适当的情况下，继续与本公司的利益相关方协商以推进文件项下的交易；

(iii)    represent the Company in negotiating, drafting and amending or otherwise completing where appropriate any further documents in connection with the RSA (as amended by the Amendment Agreement) and any Ancillary Documents as he may in his discretion may deem appropriate, including without limitation the intercreditor agreement, trust deeds and agency agreements;

在适当情况下，代表本公司谈判、起草及修改或以其他方式完成与重组支持协议（经修订协议修订）有关的任何进一步文件及授权代表酌情认为合适的任何附属文件，包括但不限于债权人间协议、信托协议及代理协议；及

(iv)    appoint professionals, including but not limited to lawyers, independent financial adviser, trustee, collateral agent, registrar, paying, conversion and transfer agent, and calculation agent (as may be necessary), and determine their professional fees to give effect of the transactions

contemplated under the Documents; and

任命专业人士，包括但不限于律师、独立财务顾问、受托人、抵押品代理人、注册处、支付、转换和转让代理人，以及计算代理人（如需要），并确定他们的专业费用以实施文件项下拟进行的交易；和

(i) the Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered;

在签署及交付时，文件对本公司是有效的、决定性的、具有约束力和可强制执行的；

(j) in connection with or to carry out the actions contemplated by the foregoing resolutions, any Authorised Signatory be, and hereby is, authorised in the name and on behalf of the Company to do such further acts and things as he shall deem necessary or appropriate, including, without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any court, governmental authority or agency, all such agreements, documents, instruments, affidavits, affirmations, notices, advertisements and certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers (together the "**Ancillary Documents**") and to pay, or cause to be paid, all such payments, as he may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

在与上述决议所述的相关行动或执行上述决议所规定的行动时，任何授权代表均被授权以本公司名义并代表本公司采取其认为必要或适当的进一步行动和事项，包括但不限于以本公司的名义并代表本公司采取和执行（或促使采取和执行）所有此类行动，向任何人士（包括法院、政府机构或代理人等）签署、制定、执行、交付、发布或存档（或促使签署、制定、执行、交付、发布或存档）所有协议、文件、文书、宣誓书、声明、通知、广告和证书、同意函或豁免函以及对任何此类协议、文件、文书、证书、同意函或豁免函的所有修订（合称"**附属文件**"），支付或促使支付其认为必要或合理的所有此类款项，以实现上述决议的目的，任何此类行为和事项的执行权限，以及上述各项的签署、制定、执行、交付、发布和存档，将由此作为最终证据证明；

(k) that the Ancillary Documents be in such form as any Authorised Signatory acting in accordance with the Articles in his or her absolute discretion and opinion approve, the signature of any Authorised Signatory being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;

授权代表可根据章程酌情批准附属文件的格式，任何授权代表的签字为

其代表本公司批准条款的充分证据；

(l)  any and all actions of the Company, or of any Authorised Signatory or any member of the Company's senior management, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as such action(s) had been presented to for approval, and approved by the Directors, prior to such action being taken.

本公司、任何授权代表或本公司任何高级管理人员在本决议批准前就上述决议所述行动所采取的任何及所有行动，均应在所有方面得到批准、确认、核准和采纳，如同该等行动已获得本公司批准或董事批准，并在所有方面得到充分采纳。

5    **<u>COUNTERPARTS</u>**
     **副本**

5.1  These resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.

本决议可以一式多份签署。如果本决议以一式多份签署，应在任何一份副本的最晚日期生效。

Date/日期: _____ 13 June 2023

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

JING Hong
荆宏
**执行董事**
*Executive Director*

TIAN Qiang
田强
**执行董事**
*Executive Director*

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: ___13 June 2023___

_____
SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

_____
WANG Mengde
汪孟德
**执行董事**
*Executive Director*

_____
JING Hong
荆宏
**执行董事**
*Executive Director*

_____
TIAN Qiang
田强
**执行董事**
*Executive Director*

_____
HUANG Shuping
黄书平
**执行董事**
*Executive Director*

_____
SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

_____
POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

_____
ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

_____
MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

_____
YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: ___13 June 2023___

---

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

---

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---

JING Hong
荆宏
**执行董事**
*Executive Director*

---

TIAN Qiang
田强
**执行董事**
*Executive Director*

---

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

---

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

---

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

---

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项

Date/日期: 13 June 2023 _____

---

SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---

JING Hong
荆宏
*执行董事*
*Executive Director*

TIAN Qiang
田强
*执行董事*
*Executive Director*

---

HUANG Shuping
黄书平
*执行董事*
*Executive Director*

SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---

POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---

MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: _____13 June 2023_____

---
SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

---
WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---
JING Hong
荆宏
*执行董事*
*Executive Director*

---
TIAN Qiang
田强
*执行董事*
*Executive Director*

---
HUANG Shuping
黄书平
*执行董事*
*Executive Director*

---
SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---
POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

---
ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---
MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

---
YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: _____ 13 June 2023

_____
SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

_____
WANG Mengde
汪孟德
**执行董事**
*Executive Director*

_____
JING Hong
荆宏
**执行董事**
*Executive Director*

_____
TIAN Qiang
田强
**执行董事**
*Executive Director*

_____
HUANG Shuping
黄书平
**执行董事**
*Executive Director*

_____
SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

_____
POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

_____
ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

_____
MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

_____
YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: __13 June 2023__

---
SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

---
WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---
JING Hong
荆宏
*执行董事*
*Executive Director*

---
TIAN Qiang
田强
*执行董事*
*Executive Director*

---
HUANG Shuping
黄书平
*执行董事*
*Executive Director*

---
SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---
POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

---
ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---
MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

---
YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议–批准境外债务重组相关事项*

Date/日期: _____ 13 June 2023

 

_____
SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

_____
WANG Mengde
汪孟德
**执行董事**
*Executive Director*

 

_____
JING Hong
荆宏
**执行董事**
*Executive Director*

_____
TIAN Qiang
田强
**执行董事**
*Executive Director*

 

_____
HUANG Shuping
黄书平
**执行董事**
*Executive Director*

_____
SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

 

_____
POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

_____
ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

 

_____
MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

_____
YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关事项*

Date/日期: __13 June 2023__

---

SUN Hongbin
孙宏斌
*执行董事*
***Executive Director***

---

WANG Mengde
汪孟德
*执行董事*
***Executive Director***

---

JING Hong
荆宏
*执行董事*
***Executive Director***

---

TIAN Qiang
田强
*执行董事*
***Executive Director***

---

HUANG Shuping
黄书平
*执行董事*
***Executive Director***

---

SUN Kevin Zheyi
孙喆一
*执行董事*
***Executive Director***

---

POON Chiu Kwok
潘昭国
*独立非执行董事*
***Independent non-executive Director***

---

ZHU Jia
竺稼
*独立非执行董事*
***Independent non-executive Director***

---

MA Lishan
马立山
*独立非执行董事*
***Independent non-executive Director***

---

YUAN Zhigang
袁志刚
*独立非执行董事*
***Independent non-executive Director***

*融创中国控股有限公司董事会书面决议–批准境外债务重组相关事项*

Date/日期: _13 June 2023_____

---

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

---

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---

JING Hong
荆宏
**执行董事**
*Executive Director*

---

TIAN Qiang
田强
**执行董事**
*Executive Director*

---

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

---

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

---

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

---

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议–批准境外债务重组相关事项*

**SUNAC CHINA HOLDINGS LIMITED**
融創中國控股有限公司
(the "**Company**")
("**本公司**")
(*incorporated in the Cayman Islands with limited liability*)
(*成立于开曼群岛的有限责任公司*)

---

**WRITTEN RESOLUTIONS OF THE BOARD OF DIRECTORS OF THE COMPANY PASSED ON 18 JULY 2023 PURSUANT TO ARTICLE 119 OF THE ARTICLES OF ASSOCIATION OF THE COMPANY**
本公司董事会于2023年7月18日根据本公司组织大纲和章程第119条通过的书面决议

---

Capitalised terms used but not otherwise defined in these resolutions shall bear the same meanings as ascribed to them in the minutes of the board of directors of the Company (the "**Board**") dated 12 March 2023.
本决议使用的未定义的所有大写字母开头的术语，应与日期为2023年3月12日的本公司董事会（"**董事会**"）会议纪要具有相同的含义。

**1    DECLARATIONS OF INTEREST**
　　　利益声明

1.1    **IT WAS NOTED** that each director of the Company (each a "**Director**" and collectively, the "**Directors**") had confirmed that he had disclosed his interest (if any) in the transactions contemplated under the Documents (as defined below), as required by the Articles of Association of the Company ("the "**Articles**") or under any law applicable to the Company. **特此指出**每位董事（每位"**董事**"，统称为"**董事**"）已确认其已根据本公司组织大纲和章程（"**章程**"）或任何适用于本公司之法律要求披露了其在文件（定义见下文）项下的交易中的利益（如有）。

1.2    Mr. Sun Hongbin disclosed that he has an interest in the Controlling Shareholder Bond Documents (as defined in the resolutions of the Board dated 13 June 2023). Mr. Sun Hongbin and Mr. Sun Kevin Zheyi, the son of Mr. Sun Hongbin and an executive Director, will abstain from voting on the resolutions to be considered below. 孙宏斌先生披露其于控股股东债券文件（定义见2023年6月13日的董事会决议）中有利益关系。孙宏斌先生及孙喆一先生（孙宏斌先生之子且为执行董事）将就下述拟考虑的决议放弃投票。

1.3    None of the other Directors disclosed holding any such interest and, therefore, none of them was prohibited from voting in accordance with the Articles and the applicable laws. 其他董事均披露没有持有任何此类利益，因此，根据章程细则和适用法律，他们均未被禁止投票。

**2**    **BACKGROUND AND PURPOSE**
背景及目的

2.1    References are made to the resolutions of the Board dated 12 March 2023 and 13 June 2023 in relation to, among others, the restructuring support agreement dated 28 March 2023 entered into by and among the Company, the entities set out in part A of schedule 1 thereto, the initial consenting creditors set out in part B of schedule 1 thereto and Morrow Sodali Limited in its capacity as information agent in connection therewith, as amended by an amendment agreement entered into by and among the Company and the consenting creditors identified in Schedule 1 thereto (as amended, the "**RSA**").
兹题述日期为2023年3月12日及2023年6月13日的董事会决议，关于（其中包括）日期为2023年3月28日由本公司、附表1之A部分所列之公司、附表1之B部分所列之初始同意债权人及Morrow Sodali Limited（作为信息代理）签订的重组支持协议，及由本公司及附表1所列的同意债权人签订的修订协议经修订(经修订，"**重组支持协议**")。

2.2    **IT IS NOTED THAT** the restructuring contemplated under the RSA is proposed to be implemented pursuant to sections 670, 673 and 674 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) (the "**Scheme**") and that the Scheme will be further subject to a recognition proceeding before a United States Bankruptcy Court (the "**U.S. Court**") pursuant to chapter 15 of the United States Bankruptcy Code (the "**Chapter 15 Recognition Proceeding**").
**特此指出**重组支持协议项下拟进行的重组将根据《公司条例》（香港法例第 622 章）第 670、673 及 674 条实施（"**计划**"），且该计划将进一步受限于美国破产法第 15 章项下的美国破产法院（"**美国法院**"）的认可程序（"**第 15 章认可程序**"）。

2.3    **IT IS FURTHER NOTED THAT** the hearing in respect of the Company's application for leave to convene a meeting of the Scheme Creditors (the "**Scheme Meeting**") is currently fixed by the High Court of Hong Kong for 26 July 2023 (the "**Convening Hearing**"). After the Scheme Meeting, there will be a hearing in respect of the Company's application to sanction the Scheme, and a hearing in respect of the Chapter 15 Recognition Proceeding ("**Chapter 15 Hearing**").
**特此进一步指出**，香港高等法院目前定于 2023 年 7 月 26 日举行有关本公司申请许可召开计划债权人会议（"**计划会议**"）的聆讯（"**召开聆讯**"）。计划会议结束后，将举行有关本公司申请批准该计划的聆讯，以及有关第 15 章认可程序的聆讯（"**第 15 章聆讯**"）。

2.4    **IT WAS FURTHER NOTED THAT** the purpose of these resolutions was to authorize and approve certain documents and actions for the purpose of implementing the transactions as contemplated by the RSA.
**特此进一步指出**本决议之目的为授权及批准为实施重组支持协议项下的交易而签署的若干文件及进行的若干行动。

3    **CONSIDERATION OF DOCUMENTS**
提呈文件

The following documents have been presented to and reviewed by all the Directors:
以下文件已向所有董事提呈并由所有董事审阅：

3.1    the latest draft of the New Notes indentures (the "**New Notes Indentures**"), with draft paying and transfer agent and registrar appointment letters attached thereto;
新票据契据（"**新票据契据**"）条款最新稿，并附有付款和过户代理人及过户登记处任命函；

3.2    the latest draft form of the Global Notes (as defined in the New Notes Indentures) as set out and described in the New Notes Indentures;
在新票据契据中所附及描述的全球票据（在新票据契据中定义）最新稿；

3.3    the latest draft of the trust deed in relation to the Convertible Bonds (the "**CB Trust Deed**");
可转换债券的信托契据（"**可转换债券信托契据**"）最新稿；

3.4    the latest draft of the trust deed in relation to the Mandatory Convertible Bonds (the "**MCB Trust Deed**", together with the CB Trust Deed, the "**Trust Deeds**");
强制可转换债券的信托契据（"**强制可转换债券信托契据**"，与可转换债券信托契据合称"**信托契据**"）最新稿；

3.5    the latest draft form of the Global Certificates (as defined in the Trust Deeds) as set out and described in the Trust Deeds;
在信托契据中所附及描述的全球证书(在信托契据中定义)最新稿；

3.6    the latest draft of the agency agreement in relation to the Convertible Bonds (the "**CB Agency Agreement**");
可转换债券的代理协议（"**可转换债券代理协议**"）最新稿；

3.7    the latest draft of the agency agreement in relation to the Mandatory Convertible Bonds (the "**MCB Agency Agreement**", together with the CB Agency Agreement, the "**Agency Agreements**");
强制可转换债券的代理协议（"**强制可转换债券代理协议**"，与可转换债券代理协议合称"**代理协议**"）最新稿；

3.8    the latest draft of the share charge intercreditor agreement and the account charge intercreditor agreement (collectively, the "**Intercreditor Agreements**");
股权质押债权人间协议及账户质押债权人间协议（合称"**债权人间协议**"）的最新稿；

3.9    the latest drafts of the share charges and the account charge (collectively, the "**Security Documents**");
股权质押及账户质押（合称"**抵押文件**"）的最新稿；

3.10 the latest draft of the New York process agent appointment letter (the "**Process Agent Appointment Letter**");
纽约诉讼程序代收人聘用函（"**诉讼程序代收人聘用函**"）的最新稿；

3.11 the latest drafts of the affidavit in support of the Company's application to convene the Scheme Meeting (as defined in the RSA) and the exhibits thereto, the draft order to convene the Scheme Meeting to be submitted by the Company to the Court (as defined in the RSA) with annexures thereto, the draft petition relating to the application to the Court to sanction the Scheme (as defined in the RSA) following the Scheme Meeting, and the draft order of the Court sanctioning the Scheme (collectively, the "**Court Documents**"); and
支持本公司申请召开计划会议（定义见重组支持协议）的誓章及展示附件的最新草稿，本公司向法院（定义见重组支持协议）提交的召开计划会议的命令草稿及其附件，在计划会议后关于向法院申请批准计划（定义见重组支持协议）的呈请草稿，及法院批准计划的命令草稿（合称"**法院文件**"）；及

3.12 the latest drafts of the of the explanatory statement of the Company addressed to the Scheme Creditors (as defined in the RSA) (the "**Explanatory Statement**") and all appendices, schedules and annexures thereto (together with the Explanatory Statement, the "**Scheme Documents**"), including but not limited to the Scheme, the Deeds of Release, the Solicitation Packet, the Holding Period Trust Deed and the Deed of Undertaking (each as defined in the Explanatory Statement).
本公司致计划债权人（定义见重组支持协议）的说明陈述（"**说明陈述**"）及其所有附录、附表和附件（连同说明陈述，合称"**计划文件**"）的最新稿，包括但不限于计划、解除契约、征求包、持有期间信托契约和承诺契约（各自的定义见说明陈述）。

4 **RESOLUTIONS**
决议

4.1 After due and careful consideration, **IT WAS UNANIMOUSLY RESOLVED** that:
经过慎重考虑后，**一致决定**：

(a) the entry into any associated transactions and documents in connection with the RSA (collectively, the "**Documents**"), including the New Notes Indentures, the Global Notes, the Trust Deeds, the Global Certificates, the Agency Agreements, the Intercreditor Agreements, the Security Documents, the Process Agent Appointment Letter, the Court Documents and the Scheme Documents, are in the best interests of the Company and all relevant stakeholders, including both its holders of securities and its creditors, as a whole;
开展、签署任何与重组支持协议相关的交易、文件（合称"**文件**"），包括新票据契据、全球票据、信托契据、全球证书、代理协议、债权人间协议、抵押文件、诉讼程序代收人聘用函、法院文件及计划文件，符合本公司及所有利益相关方（包括本公司证券持有人及其债权人）的整体

最佳利益；

(b)    the (i) entry into the Documents; (ii) issuance of securities or performance of any and all actions in connection therewith and resulting therefrom, and (iii) execution, on behalf of the Company, of any and all documents for the purpose of implementing the transactions as contemplated by the Documents, be, and are hereby, approved;

批准 (i)签署文件；(ii)发行证券或实施与此相关并由此产生的任何及所有行动，及 (iii) 为实施文件项下交易而代表本公司签署的任何及所有文件；

(c)    the form and terms and conditions of the Documents be approved, confirmed and ratified in all respects;

批准、确认及追认文件所有方面的形式、条款及条件；

(d)    any announcements required to be issued in connection with the Documents be and are hereby approved and any Authorised Signatory (as defined below) be and is hereby authorised to make such amendment thereto as he deems appropriate or necessary and arrange for the release of such announcements in compliance with the Listing Rules and the applicable laws;

批准因相关文件所需刊发的任何公告，并且授权任何授权代表（定义见下文）在其认为适当或必要时对该等公告进行修改，并根据上市规则以及适用的法律安排刊发该等公告；

(e)    any one of the Directors and Mr. Gao Xi, the chief financial officer, Vice President and Company Secretary of the Company, (individually, an "**Authorised Signatory**" and collectively, the "**Authorised Signatories**") be, and is hereby authorised, in the name and for the account of the Company, to:

授权任何一名董事及本公司首席财务官、副总裁兼公司秘书高曦先生（各自为"**授权代表**"，合称"**授权代表**"）以本公司名义并代表本公司：

(i)    sign the Documents and execute, sign, deliver and dispatch where appropriate the Documents and Ancillary Documents (as defined below) on behalf of the Company in the respective forms produced to the Directors or with any amendments thereto (including any amendments to the payment terms contemplated thereby) as any Authorised Signatory signing such document may approve in their discretion (as evidenced by such Authorised Signatory's actions or signature on such document) and acting in accordance with the Articles.  Where any Documents or Ancillary Documents are required to be executed by the Company as a deed, such documents may be executed by the signature of any Authorised Signatory acting on behalf of the Company and, where required to be sealed, such documents may be sealed by affixing thereto the seal of the Company signed autographically by any Authorised Signatory, and the Board hereby appoints any Authorised Signatory to do so in accordance with article 130(1) of the Articles;

代表本公司签署文件以及在适当情况下执行、签署、交付和发送文件及附属文件（定义见下文），该等文件按照向董事提呈的相应格式或包含签署该文件的任何授权代表根据章程酌情批准（由该授权代表的行为或在该等文件上的签名证明）进行的任何修订（包括对拟定付款条款的任何修订）。如果任何文件或附属文件需要由本公司作为契据签署，应由代表本公司行事的任何授权代表签署；如果需要盖章，文件可通过任何授权代表亲笔签名及以本公司印章来盖章，董事会则根据章程第 130(1) 条特此任命任何授权代表来签字及盖章；

(ii) if appropriate, continue to negotiate with the Company's stakeholders to progress the transactions as contemplated under the Documents;
在适当的情况下，继续与本公司的利益相关方协商以推进文件项下的交易；

(iii) represent the Company in negotiating, drafting and amending or otherwise completing where appropriate any further documents in connection with the RSA and any Ancillary Documents as he may in his discretion deem appropriate;
在适当情况下，代表本公司协商、起草及修改或以其他方式完成与重组支持协议有关的任何进一步文件及授权代表酌情认为合适的任何附属文件；

(iv) represent the Company in negotiating, drafting and amending or otherwise completing, finalising, signing, affirming, swearing or filing (or causing to be filed), in the name and on behalf of the Company, the Court Documents, and any other affidavits(s), applications, summons, orders or documents that might be necessary or advisable, for the purposes of seeking leave from the Court to convene the Scheme Meeting and an application to the Court to sanction the Scheme; and
代表本公司协商、起草及修改或以其它方式完成、定稿、签署、宣誓或提交（或促使提交）（以本公司名义及代表本公司）法院文件，及可能需要或可行的任何其他誓章、申请、传票、命令或文件，以寻求法院批准召开计划会议并向法院申请批准计划；及

(v) appoint professionals, including but not limited to legal representatives, Counsel, independent financial adviser, trustee, collateral agent, registrar, paying, conversion and transfer agent, and calculation agent (as may be necessary), and determine their professional fees to give effect of the transactions contemplated under the Documents;
委任专业人士，包括但不限于法律代表、大律师、独立财务顾问、受托人、抵押品代理人、注册处、支付、转换和转让代理人，以及计算代理人（如需要），并确定他们实施文件项下拟进行交易的专业费用；

(f)     the Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered;

在签署及交付时，文件对本公司是有效的、决定性的、具有约束力和可强制执行的；

(g)     in connection with or to carry out the actions contemplated by the foregoing resolutions, any Authorised Signatory be, and hereby is, authorised in the name and on behalf of the Company to do such further acts and things as he shall deem necessary or appropriate, including, for the purposes of obtaining recognition of the Scheme in any jurisdiction that the Authorised Signatory deems necessary or appropriate, and without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any court, governmental authority or agency, all such agreements, documents, instruments, affidavits, affirmations, notices, advertisements and certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers (together the "**Ancillary Documents**") and to pay, or cause to be paid, all such payments, as he may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

在与上述决议所述的相关行动或执行上述决议所规定的行动时，任何授权代表均被授权以本公司名义并代表本公司采取其认为必要或适当的进一步行动和事项，包括但不限于以本公司的名义并代表本公司采取和执行（或促使采取和执行）所有此类行动，向任何人士（包括法院、政府机构或代理人等）签署、制定、执行、交付、发布或存档（或促使签署、制定、执行、交付、发布或存档）所有协议、文件、文书、宣誓书、声明、通知、广告和证书、同意函或豁免函以及对任何此类协议、文件、文书、证书、同意函或豁免函进行的所有修订（合称"**附属文件**"），支付或促使支付其认为必要或合理的所有此类款项，以实现上述决议的目的，任何此类行为和事项的执行权限，以及上述各项的签署、制定、执行、交付、发布和存档，将由此作为最终证据证明；

(h)     that the Ancillary Documents be in such form as any Authorised Signatory acting in accordance with the Articles in his or her absolute discretion and opinion approve, the signature of any Authorised Signatory being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;

授权代表可根据章程酌情批准附属文件的格式，任何授权代表的签字为其代表本公司批准条款的充分证据；

(i)     the registered office provider of the Company be and is directed to enter particulars of the Security Documents and any release on the register of

mortgages and charges of the Company pursuant to section 54 of the Companies Act (As Revised) of the laws of the Cayman Islands;

本公司的注册办事处代理须根据开曼群岛法律《公司法》（修订版）第54 条的规定，在本公司抵押登记册上加入抵押文件的详细信息以及任何解除；

(j)    the application for approval from the Singapore Exchange Securities Trading Limited (the "**SGX**") for the listing of and permission to deal in the New Notes, the Mandatory Convertible Bonds and the Convertible Bonds on the SGX be and is hereby approved;

批准向新加坡证券交易所（"**新交所**"）申请新票据、强制可转换债券及可转换债券在新交所上市及交易；

(k)    Mr. Gao Xi, the chief financial officer, Vice President and Company Secretary of the Company, be, and is hereby, authorised in the name and for the account of the Company to:

授权本公司首席财务官、副总裁兼公司秘书高曦先生以本公司名义及代表本公司：

(i)    act as the Company's "foreign representative" (as defined in section 101 of the United States Bankruptcy Code) in respect of the Chapter 15 Recognition Proceeding (the "**Foreign Representative**");

在第 15 章认可程序中担任本公司的"外国代表"（定义见《美国破产法》第 101 条）（"**外国代表**"）；

(ii)    seek any relief available to a foreign representative pursuant to the United States Bankruptcy Code in the Chapter 15 Recognition Proceeding;

根据美国破产法于第 15 章认可程序中寻求外国代表可获得的任何救济；

(iii)    execute and verify or certify a petition under Chapter 15 of the United States Bankruptcy Code, and to cause the same to be filed in the U.S. Court in such form or forms as the Foreign Representative may approve; and

根据《美国破产法》第 15 章执行及核实或证明呈请，并以外国代表可能批准的一种或多种形式向美国法院提交申请；

(iv)    execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations and other papers, and to take any and all further actions which the Foreign Representative or the Company's legal counsel may deem necessary or appropriate to seek the voluntary relief available under Chapter 15 of the United States Bankruptcy Code, and to take any further acts and deeds which any of them deem necessary, proper, or desirable in connection with the Chapter 15 Recognition Proceeding;

*融创中国控股有限公司董事会书面决议–批准境外债务重组相关文件及事项*

8

执行并提交任何及所有呈请、附件、动议、清单、申请、诉状、声
明和其他文件，并采取外国代表或本公司法律顾问可能认为必要或
适当的任何及所有进一步行动以获得《美国破产法》第 15 章项下
可获得的自愿救济，并采取其任何一方认为与第 15 章认可程序相
关的必要、适当或可取的任何进一步行动；

(l) Mr. Cheng Chung Hon be and is hereby authorized to finalise, affirm and file the Hong Kong counsel declarations to be filed with the U.S. Court in connection with the Chapter 15 Recognition Proceeding, including making any amendments thereto that are considered necessary or desirable;
授权郑钟汉先生定稿、宣誓并向美国法院提交与第 15 章认可程序有关的香港律师声明，包括作出任何其认为必要或适当的任何修改；

(m) any Authorised Signatory be, and is hereby authorised, in the name and for the account of the Company to act as the Company's "foreign representative" (as defined in any other law derived from or similar to the UNCITRAL Model Law on Cross-Border Insolvency Proceedings) on and in connection with any application for recognition and assistance in relation to the Scheme in any jurisdiction and under whatever law;
授权任何授权代表以本公司的名义并代表本公司在任何司法管辖区和任何法律下，就与计划相关的任何承认和援助申请担任本公司的"外国代表"（如衍生自或类似于《贸易法委员会跨境破产程序示范法》的任何其他法律所定义）；

(n) any and all actions of the Company, or of any Authorised Signatory or any member of the Company's senior management, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as such action(s) had been presented to for approval, and approved by the Directors, prior to such action being taken.
本公司、任何授权代表或本公司任何高级管理人员在本决议批准前就上述决议所述行动所采取的任何及所有行动，均应在所有方面得到批准、确认、核准和采纳，如同该等行动已获得本公司批准或董事批准，并在所有方面得到充分采纳。

## 5 COUNTERPARTS
副本

5.1 These resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.
本决议可以一式多份签署。如果本决议以一式多份签署，应在任何一份副本的最晚日期生效。

Date/日期: _____  18 July 2023

_____

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

JING Hong
荆宏
**执行董事**
*Executive Director*

TIAN Qiang
田强
**执行董事**
*Executive Director*

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

Date/日期: ___18 July 2023___

---

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

---

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---

JING Hong
荆宏
**执行董事**
*Executive Director*

---

TIAN Qiang
田强
**执行董事**
*Executive Director*

---

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

---

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

---

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

---

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

Date/日期: _18 July 2023_

---
SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

---
WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---
JING Hong
荆宏
*执行董事*
*Executive Director*

---
TIAN Qiang
田强
*执行董事*
*Executive Director*

---
HUANG Shuping
黄书平
*执行董事*
*Executive Director*

---
SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---
POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

---
ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---
MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

---
YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

Date/日期: _____18 July 2023_____

---
SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

---
WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---
JING Hong
荆宏
*执行董事*
*Executive Director*

---
TIAN Qiang
田强
*执行董事*
*Executive Director*

---
HUANG Shuping
黄书平
*执行董事*
*Executive Director*

---
SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---
POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

---
ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---
MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

---
YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

Date/日期: ___18 July 2023___

| | |
|---|---|
| SUN Hongbin<br>孙宏斌<br>**执行董事**<br>*Executive Director* | WANG Mengde<br>汪孟德<br>**执行董事**<br>*Executive Director* |
| JING Hong<br>荆宏<br>**执行董事**<br>*Executive Director* | TIAN Qiang<br>田强<br>**执行董事**<br>*Executive Director* |
| HUANG Shuping<br>黄书平<br>**执行董事**<br>*Executive Director* | SUN Kevin Zheyi<br>孙喆一<br>**执行董事**<br>*Executive Director* |
| POON Chiu Kwok<br>潘昭国<br>**独立非执行董事**<br>*Independent non-executive Director* | ZHU Jia<br>竺稼<br>**独立非执行董事**<br>*Independent non-executive Director* |
| MA Lishan<br>马立山<br>**独立非执行董事**<br>*Independent non-executive Director* | YUAN Zhigang<br>袁志刚<br>**独立非执行董事**<br>*Independent non-executive Director* |

Date/日期: _18 July 2023_

---

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

---

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---

JING Hong
荆宏
**执行董事**
*Executive Director*

---

TIAN Qiang
田强
**执行董事**
*Executive Director*

---

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

---

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

---

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

---

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

Date/日期: ___18 July 2023___

---

SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---

JING Hong
荆宏
**执行董事**
*Executive Director*

TIAN Qiang
田强
**执行董事**
*Executive Director*

---

HUANG Shuping
黄书平
**执行董事**
*Executive Director*

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---

POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---

MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

Date/日期: _____18 July 2023_____

---
SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

---
WANG Mengde
汪孟德
**执行董事**
*Executive Director*

---
JING Hong
荆宏
**执行董事**
*Executive Director*

---
TIAN Qiang
田强
**执行董事**
*Executive Director*

---
HUANG Shuping
黄书平
**执行董事**
*Executive Director*

---
SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*

---
POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

---
ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*

---
MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

---
YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

Date/日期: 18 July 2023

---

SUN Hongbin
孙宏斌
*执行董事*
*Executive Director*

---

WANG Mengde
汪孟德
*执行董事*
*Executive Director*

---

JING Hong
荆宏
*执行董事*
*Executive Director*

---

TIAN Qiang
田强
*执行董事*
*Executive Director*

---

HUANG Shuping
黄书平
*执行董事*
*Executive Director*

---

SUN Kevin Zheyi
孙喆一
*执行董事*
*Executive Director*

---

POON Chiu Kwok
潘昭国
*独立非执行董事*
*Independent non-executive Director*

---

ZHU Jia
竺稼
*独立非执行董事*
*Independent non-executive Director*

---

MA Lishan
马立山
*独立非执行董事*
*Independent non-executive Director*

---

YUAN Zhigang
袁志刚
*独立非执行董事*
*Independent non-executive Director*

*融创中国控股有限公司董事会书面决议-批准境外债务重组相关文件及事项*

10

Date/日期: ____18 July 2023____


SUN Hongbin
孙宏斌
**执行董事**
*Executive Director*

WANG Mengde
汪孟德
**执行董事**
*Executive Director*


JING Hong
荆宏
**执行董事**
*Executive Director*

TIAN Qiang
田强
**执行董事**
*Executive Director*


HUANG Shuping
黄书平
**执行董事**
*Executive Director*

SUN Kevin Zheyi
孙喆一
**执行董事**
*Executive Director*


POON Chiu Kwok
潘昭国
**独立非执行董事**
*Independent non-executive Director*

ZHU Jia
竺稼
**独立非执行董事**
*Independent non-executive Director*


MA Lishan
马立山
**独立非执行董事**
*Independent non-executive Director*

YUAN Zhigang
袁志刚
**独立非执行董事**
*Independent non-executive Director*

**<u>Exhibit C</u>**

**Corporate Statements**

**SIDLEY AUSTIN LLP**
Anthony Grossi
Juliana Hoffman* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:       agrossi@sidley.com
                jhoffman@sidley.com

**SIDLEY AUSTIN LLP**
Julia Philips Roth (*pro hac vice* pending)
555 West Fifth Street Suite 4000
Los Angeles, California 90013
Telephone:  (214) 969-3581
Facsimile:  (214) 981-3400
Email:       julia.roth@sidley.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Sunac China Holdings Limited,[1] | Case No. 23-_____(__) |
| Debtor in Foreign Proceeding. | |

**STATEMENTS OF THE FOREIGN REPRESENTATIVE**
**REQUIRED BY SECTION 1515(c) OF THE BANKRUPTCY CODE AND**
**RULE 1007(a)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Mr. Gao Xi, in his capacity as the authorized foreign representative (the "Foreign Representative") for the above-captioned debtor (the "Debtor") that is the subject of a restructuring proceeding entitled *In the Matter of Sunac China Holdings Limited*,

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company with limited liability, and registered with registration number 186588.  The Debtor's principal place of business in Hong Kong is Room 1517, Level 15, West Exchange Tower, 322 Des Voeux Road Central, Sheung Wan, Hong Kong.

(the "Hong Kong Proceeding"), concerning a scheme of arrangement between the Debtor and Scheme Creditors pursuant to sections 670, 673, and 674 of the Companies Ordinance (Cap. 622 of the Laws of Hong Kong) and currently pending before the Court of First Instance of the High Court of the Hong Kong Special Administrative Region of the People's Republic of China (the "Hong Kong Court"), case number HCMP382/2023, by and through his undersigned counsel, respectfully submits these lists pursuant to rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and makes the following statements required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code"):[2]

### A.   Corporate Ownership Statement Required by Bankruptcy Rules 1007(a)(4)(A) and 7007.1

After conducting a good-faith inquiry, the Foreign Representative is aware of the following corporation, other than governmental units, that directly or indirectly own ten percent (10%) or more of any class of the Debtor's equity interests and the Foreign Representative has not received any notification otherwise that would lead him to believe that the same is not true as of the date of this schedule except as specifically described herein:

- Sunac International Investment Holdings Ltd., controlled by Hongbin Sun's family trusts, is the registered holder of approximately 37.49% of the issued share capital of Sunac China Holdings Limited.

---

[2] Capitalized terms used but not otherwise defined are given their meaning in the *Declaration of Gao Xi in Support of the Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of the Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration") and the *Declaration of Desmond Ang as Hong Kong Counsel to the Debtor in Support of the Motion for (I) Recognition of Foreign Main Proceeding; (II) Recognition of the Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Counsel Declaration"), as applicable.

**B.**    **Statement Required by Bankruptcy Code Section 1515(c)**

The Foreign Representative submits that there is no foreign proceeding (as that term is

defined in section 101(23) of the Bankruptcy Code) with respect to the Debtor known to him other

than the Hong Kong Proceeding.

**C.**    **Administrators in Foreign Proceeding Concerning the Debtor**

Gao Xi is the only authorized Foreign Representative in the Hong Kong Proceeding.

The Foreign Representative's address is as follows:

- Flat A on 12th Floor of Capitol Mansion, Nos. 195, 195A, 197, 199, 201 & 201A
  Shau Kei Wan Road, Sai Wan Ho, Eastern District, Hong Kong (Room D)

**D.**    **All Parties to Litigation Pending in the United States in which the Debtor is a
Party at the Time of Filing of the Petition**

None.

**E.**    **Entities Against Whom Provisional Relief is Sought**

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information and belief, complete, true and correct.

Dated: September 19, 2023

/s/ *Gao Xi*
Gao Xi
Foreign Representative of
Sunac China Holdings Limited